M. G. MANLEY AND ALEXANDER MONROE, *as Trus-tees*, v. AMELIA F. CARTER.

No. 355.

JURISDICTION *of District Courts — Enforcement of Trusts.*
When a district court has jurisdiction of the parties, it has juris-diction to enforce trusts, although in so doing the title to land which does not lie within its territorial limits is incidentally af-fected.

Error from Douglas district court ; A. W. BENSON, judge.  Opinion filed April 8, 1898.  Affirmed.

*Alford & Alford*, for plaintiffs in error...
*L. H. Perkins*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : Under the head of "Points Argued," the plaintiffs in error summarize the questions at issue in this case as follows :

"Real actions must be brought in the county where the land is situated. This is an action for the determination of the title of the parties to real estate situated in Reno county.

"The fact that plaintiffs in error are trustees does not change this rule, as defendant in error is a stranger to the trust of which they are trustees.

"If there is an implied trust in favor of defendant in error, this would not change the rule.

"If an implied trust is relied upon by defendant in error, then it is void as to plaintiffs in error; under the statute and the evidence in this case."

The principle stated in the first proposition is correct; but the second proposition is erroneous, as this action was primarily an action to declare and enforce a trust, and the recovery of title to real estate was only incidental. Upon this error the remaining propositions are based. That the court below had jurisdiction of the parties is not questioned. They voluntarily entered their appearance therein, contested the cause, and took no exception to the findings of fact, conclusions of law, or judgment. The existence of a trust was sufficiently pleaded, and found by the court; and the only question is, Can a district court render a judgment to enforce a trust as to land not within its territorial jurisdiction? That courts of chancery had such power, has been held in a long line of decisions, beginning in this country with *Massie v. Watts*, 6

Cranch, 148, in which Marshall, C. J., speaking for the court (p. 160), after reviewing the English cases, said:

"Upon the authority of these cases, and of others which are to be found in the books, as well as upon general principles, this court is of the opinion that, in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

In *Phelps v. McDonald*, 99 U. S. 308, the court says:

"Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary according to the *lex loci rei sitæ* which he could do voluntarily to give full effect to the decree against him."

Upon this question, counsel for plaintiffs in error say: "We are aware of a series of decisions in certain states to the effect that an action to enforce a trust involving real estate may be brought in the county where the defendant resides. An examination of these decisions, however, will disclose the fact that suits of this character have been sustained generally, if not entirely, in cases where the land in controversy was situated in a foreign state or country and not in the state where the action was maintained." We find no authority or reason for such a modification of the rule.

The judgment of the district court will be affirmed.