(February 6, 1897.)

## MONTANDON v. WINGERT.

[47 Pac. 814.]

EVIDENCE—MORTGAGE—VERDICT.—Plaintiff having offered in evidence a mortgage wherein the indebtedness claimed is acknowledged by mortgagor, and no evidence having been offered by defendant to disapprove same, *held*, that verdict for defendant was error.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

A. F. Montandon, for Appellant.

Does the constitution, while declaring one form of action necessarily do away with the former procedure, and of right is defendant entitled to a jury in an equity case? The constitution of this state confers on district court both law and chancery jurisdiction. (Const., art. 1, sec. 7, art. 5, secs. 1, 20.) While it is not contended that the right of trial by jury is not absolute in a proper case, does the constitution necessarily change the practice of trial in equity cases? Does it repeal the statute? It seems to affirm it. By the code, section 4020, only one form of civil action is permitted so by the constitution. By it district courts have jurisdiction of action where relief was formerly given in courts of equity. (Rev. Stats., sec. 3830.) By the code, right of trial by jury existed and could be waived. (Rev. Stats., sec. 4369; Black's Constitu-

tional Law, secs. 38-42; *Raymond v. Flavel,* 27 Or. 219, 40 Pac. 158, and cases cited.) The answer is not verified since the attempted verification does not apply. Then it denies nothing and raises no issue, and plaintiff's objection to the admission of evidence thereunder should have been sustained. (Rev. Stats., sec. 4217; *Norris v. Glenn,* 1 Idaho, 590; *Church v. Atchison etc. Ry. Co.,* 1 Okla. 44, 29 Pac. 531.)

P. M. Bruner and M. E. Bruner, for Respondent.

There was an issue of fact in the trial of which either party was entitled to a jury. (Idaho Const., art 5, sec. 1; Idaho Rev. Stats., sec. 4369.) The answer is specific. It alleges payment in full of plaintiff's demand, and denies all indebtedness. It is verified as required by law. (Rev. Stats., sec. 4199.) This court will not reverse on the ground that the verdict sustained by the inferior court was contrary to evidence where there was any evidence conducing to maintain it. (*McCarty v. Boise City Canal Co.,* 2 Idaho, 245, 10 Pac. 623; *O'Connor v. Langdon,* 3 Idaho, 61, 26 Pac. 659.) It is a well-settled rule that when the verdict of a jury affirmed by the judge presiding goes to the supreme court, indorsed by the refusal of the court which tried the case to grant a new trial, the supreme court will not interfere on the ground "that the evidence was insufficient to justify the verdict." (*McCarty v. Boise City Canal Co.,* 2 Idaho, 245, 10 Pac. 623; *Kansas Pac. Ry. Co. v. Kunkel,* 17 Kan. 171-173.)

HUSTON, J.—One Mary Le Grande, being in failing health, and desiring to consult physicians in Salt Lake City, for the purpose of procuring such money as was necessary for her expenses to Salt Lake City, procured a loan from plaintiff. It seems that there was something due and owing from Mrs. Le Grande to plaintiff for legal services theretofore performed by the plaintiff for said Le Grande, and upon the advancement by plaintiff of the sum of fifty dollars to said Le Grande she (Le Grande) executed to plaintiff a mortgage, wherein she acknowledges an indebtedness due from her to the plaintiff of $110, viz., fifty dollars for money borrowed, fifty dollars for services theretofore rendered to said Le Grande, and ten dol-

lars for incidental expenses paid by plaintiff for said Le Grande. The defendant is the purchaser of the mortgaged property, with notice. This action is brought to foreclose the mortgage. Defendant, by answer, denies any indebtedness thereunder except the fifty dollars borrowed money, which he claims has been paid, and which payment is admitted by plaintiff. Upon the trial a verdict was rendered for the defendant, upon which judgment was entered. From such judgment, and from the order of the court overruling plaintiff's motion to set aside the verdict, this appeal is taken.

The first error claimed by appellant is to the action of the court in "committing the cause for trial as a law case." There is nothing in this contention. If it were an equity case, an issue of fact having been raised by the pleadings, the court was at liberty to invoke the interposition of a jury to try such issue.

The next error averred by appellant is the "overruling plaintiff's objection to the introduction of any evidence by defendant under his answer." This contention cannot be sustained. The answer averred payment. To say that defendant could not offer evidence in support of such averment is simply absurd.

We have carefully examined the record, and we cannot find any evidence that will warrant or support the verdict. The plaintiff offered the mortgage in evidence, which shows an indebtedness from Le Grande to plaintiff of $110, acknowledged by Le Grande, and there is nothing in the record to controvert it except the payment of fifty dollars by defendant, which is acknowledged by plaintiff. This case does not come within the rule in *McCarty v. Canal Co.*, 2 Idaho, 245, 10 Pac. 623, nor of *O'Connor v. Langdon,* 3 Idaho, 61, 26 Pac. 659. In this case the plaintiff proved his case, and there was no evidence to disapprove it. The judgment of the district court is reversed, and cause remanded.

Sullivan, C. J., and Quarles, J., concur.