W. S. GILMAN V. ARTHUR C. CROSSMAN ET AL.

FILED FEBRUARY 8, 1906. No. 13,925.

Evidence examined, and *held* sufficient to sustain the judgment.

ERROR to the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*J. C. Robinson,* for plaintiff in error.

*M. F. Harrington, contra.*

OLDHAM, C.

This was an action to foreclose a real estate mortgage on lands situated in Holt county, Nebraska. The petition

was in the usual statutory form, and alleged that the plaintiff was the indorsee of the note, or bond, which the mortgage was given to secure. The mortgagors were not made parties to the action. The petition alleged that the defendant named in the petition claimed title under a sheriff's deed issued in a tax foreclosure proceeding against the premises. Defendant filed a general denial, and alleged that he was the owner in fee simple of the premises and in possession thereof under claim of title. At the trial of the cause plaintiff offered in evidence the note and mortgage, and testimony tending to show that he had purchased the note for value before maturity. Defendant testified that he was, and had been, in possession, claiming title thereto, at and before the beginning of the action. Under this testimony the court found the issues in favor of the defendant, and to reverse this judgment plaintiff brings error to this court.

The only question involved is as to the sufficiency of the evidence to support the judgment. It is first contended by plaintiff in error that the possession of the note and mortgage was *prima facie* evidence of his ownership thereof. This contention is clearly well founded. His next contention is that, to secure a decree of foreclosure of a real estate mortgage, it is not necessary for the mortgagee, or the holder of the note secured by the mortgage, to prove title to the mortgaged premises in the mortgagor. This proposition is true so far as a mortgagor and his privies are concerned, for they are each estopped by the execution of the mortgage from denying the mortgagor's title to the premises. But, as against a defendant who claims a title adverse to the mortgagor, this rule does not apply. Plaintiff's petition showed that this defendant named was claiming under a tax foreclosure proceeding, to which neither the plaintiff nor his assignee were made parties. Defendant's answer claimed adversely under a fee simple title, and denied the allegations of the plaintiff's petition. Plaintiff introduced no evidence tending to show title in the mortgagor, or that defendant ever claimed

under tax foreclosure proceeding, to which the mortgagor was a party, but rested, as before stated, by simply introducing his note and mortgage, and the indorsement on the note. Defendant was permitted to testify, without objection, that he was the owner of the premises and in possession thereof under claim of title. He was not interrogated as to what his claim of title was based upon. In this condition of the record, plaintiff clearly failed, as we view it, to establish his claim to a lien on the premises as against the defendant named in the petition. We are therefore of opinion that the judgment of the district court dismissing plaintiff's petition was the only judgment warranted by the pleadings and the evidence, and we recommend that it be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.