BAZELMAN LUMBER COMPANY, APPELLEE, v. JAMES W. HINTON ET AL., APPELLEES: PEARL JOHNSON ET AL., APPELLANTS.

FILED JUNE 7, 1907.   No. 14,798.

1. Vendor and Purchaser: CHATTEL MORTGAGE, LIEN OF. A *bona fide* purchaser of real estate, without notice of an existing chattel mortgage given by his vendor on a dwelling house situate thereon, takes the title free from the lien of such chattel mortgage.

2. Mortgage Forclosure: EVIDENCE. It is not incumbent on the plain-

tiff in an action to foreclose a real estate mortgage to prove title to the real estate in the mortgagor as against such mortgagor and his privies.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

D. A. *Harrington* and W. T. *Wills,* for appellants.

M. F. *Harrington,* contra.

JACKSON, C.

The evidence in this case is somewhat conflicting, but we think the following facts may fairly be said to have been established: On July 2, 1902, J. W. Hinton purchased of the Pioneer Townsite Company lots 4, 5 and 6, in block 1, in the town of Bristow, Boyd county, for an agreed consideration of $325, of which sum $81.25 was paid in cash. The townsite company gave him a written contract for the conveyance of the premises by warranty deed upon completion of deferred payments. Hinton erected on these premises a small dwelling house and a livery barn. On November 7 of that year Hinton gave the plaintiff a chattel mortgage on these buildings to secure an indebtedness of $915.35. This mortgage was filed and entered on the chattel mortgage index of Boyd county on the 14th of the same month, but not recorded. The mortgage was taken by the plaintiff with the knowledge of Hinton's equitable interest in the real estate. Hinton was indebted to the defendant Pearl Johnson in about the sum of $550, and on January 23, 1903, he, joining with his wife, assigned the contract from the Pioneer Townsite Company to Pearl Johnson in satisfaction of his indebtedness to her. Mrs. Johnson paid Hinton $80 additional in cash, and assumed the remainder due on the contract, which she paid out, and received from the Pioneer Townsite Company on August 31, 1903, a warranty deed to the real estate. The contract with the Pioneer Townsite Company and assignment to Mrs. Johnson were recorded

and entered in the numerical index in the office of the county clerk of Boyd county January 31, 1903, and the deed from the Pioneer Townsite Company to Mrs. Johnson was recorded and entered in the index on September 25, 1903. The transactions between Hinton, Mrs. Johnson and the Pioneer Townsite Company were all without knowledge, on the part of Mrs. Johnson, of the chattel mortgage to the plaintiff. On the 16th day of August, 1904, Pearl Johnson and her husband mortgaged said real estate to the intervener, M. P. Meholin, to secure a loan of $700, payable January 1, 1905. This mortgage was recorded on the date of its execution. On October 13, 1904, plaintiff instituted this action in the district court for Boyd county for the purpose of foreclosing its chattel mortgage. Pearl Johnson and her husband answered, claiming title free from the chattel mortgage lien. Meholin intervened, claiming a first lien on the premises by reason of his mortgage and praying a foreclosure thereof. In the trial court, the decree was for the plaintiff, establishing its mortgage as a first lien on the buildings. Meholin had a decree foreclosing his real estate mortgage and establishing his lien subject to the plaintiff's lien on the buildings. The Johnsons and the intervener appeal.

The case of *Holt County Bank v. Tootle, Livingston & Co.*, 25 Neb. 408, is cited by the appellees to sustain the decree. From the statement of that case it appears that Bridget Gorman bought a lot in the village of O'Neill under contract, by the terms of which she paid $25 in cash, and was to pay $50 later. She erected a building on this lot, and to secure an indebtedness to Tootle, Livingston & Company gave that firm a chattel mortgage on the building, the mortgagee not being aware of the fact that Gorman had any interest in the real estate. Prior to the execution of the chattel mortgage a lumber firm filed a lien for material furnished in the erection of the building. Gorman was also indebted to the Holt county Bank, and later secured that indebtedness by a real estate

mortgage covering the lot. The bank assumed the payment of the mechanic's lien, and took an assignment of the contract of purchase and a quitclaim deed from Gorman. This latter transaction was with knowledge of the chattel mortgage to Tootle, Livingston & Company. The bank paid off the remainder due on the contract for the purchase of the lot, and took a deed from the owner of the legal title. Tootle, Livingston & Company foreclosed their chattel mortgage, and bid the building in at the sale. They then brought suit against the bank for the value of the building, which had not been removed from the premises, and it was held that, while the bank was entitled to be subrogated to the rights of the mechanic's lien holder, it was liable to the purchaser at the chattel mortgage sale for the value of the building, diminished by the amount of the mechanic's lien. The reasoning in the case is that, had the bank proceeded to foreclose its real estate mortgage, it would have been entitled to a lien on the premises superior to that of the chattel mortgage, but, having taken a quitclaim deed from the mortgagor, with knowledge of the chattel mortgage lien, it acquired thereby the interest of the mortgagor only, subject to the incumbrance of the chattel mortgage. We do not regard the holding in that case as controlling under the facts in this case. It is authority to the extent that it is there said that a chattel mortgage, given on buildings by the owner of real estate, is valid as between the parties, but the litigation here is between one claiming under a chattel mortgage and a subsequent purchaser and lien holder in good faith. The features which control the case of *Holt County Bank v. Tootle, Livingston & Co., supra,* are entirely lacking in the case at bar.

Another contention of the appellee is that, because the title to the real estate was not proved to have been in the Pioneer Townsite Company at the time they gave the contract and deed, the defendants must fail, and our attention is called to the case of *Gilman v. Crossman,* 75 Neb. 696. An examination of that case discloses that

Gilman sought to foreclose a mortgage, and in the action instituted for that purpose Crossman was made defendant, it being charged in the petition that he claimed title under a sheriff's deed issued in tax foreclosure proceedings against the premises. Crossman filed a general denial, and alleged that he was the owner in fee simple of the premises and in possession thereof under claim of title. He was permitted at the trial to testify, without objection, that he was the owner of the premises and in possession under claim of title. The source of his title was not traced, and it was held that, while it was not necessary for the mortgagee to prove title to the mortgaged premises in the mortgagor as against the mortgagor and his privies, because they are each estopped by the execution of the mortgage from denying the mortgagor's title, yet, as against a defendant who claims title adversely to a mortgagor, this rule does not apply. Here again the case differs from the case at bar. While the plaintiff in this action claims no interest in the real estate, yet his interest in the subject matter is traced to the same source as that from which the defendants derive their claim of right.

Our conclusion is that the judgment of the district court was erroneous. We have reached that conclusion reluctantly, because the consideration for the plaintiff's chattel mortgage was lumber and material furnished by the plaintiff for the erection of the buildings on the real estate involved; but we cannot ignore legal principles for the purpose of aiding the plaintiff in its dilemma. The defendant Pearl Johnson took title to the real estate free from the lien of the plaintiff's chattel mortgage, and the intervener Meholin should be decreed to have a first lien thereon under his real estate mortgage.

It is recommended that the decree of the district court be reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

AMES and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the decree of the district court is reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

REVERSED.