**BROWN et al. v. THOMPSON et al.**

No. 10380—Opinion Filed Nov. 15, 1921.

(Syllabus.)

1. **Mortgages—Foreclosure—Proof of Title of Mortgagor.**

The plaintiff in an action to foreclose a real estate mortgage must show, as a necessary part of his case, title in the grantors to the land covered by the mortgage at the time they executed the same or title subsequently acquired and prior to the trial of the foreclosure proceeding.

2. **Quieting Title—Proof of Title—Sufficiency.**

In an action to foreclose a real estate mortgage, where the defendant in such action files an answer and cross-petition in which he alleges ownership of the land covered by the mortgage and asks that the title to said land be quieted in him, the burden is upon the said defendant to show title in himself to the land in controversy, and where the evidence relied on by him to show such title consisted of quitclaim deeds to him from persons claiming to be the heirs of the original allottee of the land, who was a member of the Cherokee Tribe of Indians, without offering any testimony to show the death of said allottee and that she died intestate or that such grantors were the heirs or next of kin to said allottees, who, six days after selecting her allotment and before receiving a certificate of allotment for said land, had, by general warranty deed, conveyed the allotted land to a third party who was not a party to the action, and for aught that appears in the record to the contrary, the title to the land is outstanding in the grantee in the deed of the allottee, and there is no testimony in the case tending to connect such defendant with such title, held, that the proof of the defendant has failed to establish his right to have the title to the land quieted in him, and that the judgment of the trial court quieting such title in him is without evidence to support the same, and must be reversed.

3. **Same—Judgment—Reversal.**

Record examined, and held, that the judgment of the trial court quieting title to the land in controversy in one of the defendants is without evidence to support it, and ordered that the judgment be reversed and the cause remanded for new trial.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by C. H. Brown against Columbus H. DeFord and others to foreclose mortgage; cross-petitions by James Granville Thompson, a minor, and P. G. Utley, administrator. From judgment quieting title in intervener Thompson, plaintiff and Utley bring error. Reversed and remanded.

Keaton, Wells & Johnston, for plaintiffs in error.

H. B. Martin and R. A. Reynolds, for defendants in error.

JOHNSON, J. On the 23rd day of August, 1916, C. H. Brown, as plaintiff, commenced an action in the district court of Rogers county, against Columbus H. DeFord, Francis A. DeFord, James T. Thompson, and Mary E. Thompson, as defendants, to recover the sum of $200, with interest and attorneys fees, upon a promissory note executed by the defendants on the 1st day of October, 1914, the interest thereon being evidenced by five

coupons of said date attached to said note in the sum of $12 each, due on the first day of February, 1916, 1917, 1918, 1919, and 1920, respectively, and to foreclose a real estate mortgage given to secure said principal sum and interest upon 50 acres of land out of the S. W.¼ of sec. 27, T. 20 N., R. 15 E. I. M., situated in Rogers county, Oklahoma, and during the progress of the cause the other named defendants were, from time to time, made defendants and filed answers herein, excepting the defendants DeFord, who made default.

. James Granville Thompson, a minor, and James T. Thompson, as guardian, filed their separate answers, alleging that the said James Granville Thompson was the owner of the real estate described in the plaintiff's petition, and that he obtained title to said land by virtue of certain quitclaim deeds, and alleging, further, that at the time of the execution of the mortgage attempted to be foreclosed by plaintiff, the parties executing the same had no right, title, or interest in and to the land covered thereby, and that none of the said parties had since acquired any right, title, or interest therein, and praying that the fee-simple title to said land be decreed and adjudged to be in the defendant James Granville Thompson, a minor.

On December 11, 1916, the defendant P. G. Utley, administrator of the estate of R. H. Utley, deceased, was made a party and filed his answer and cross-petition setting up a certain note and mortgage and asking for foreclosure of same, and on January 13, 1917, the plaintiff, C. H. Brown, filed his reply to the answer and cross-petition of the defendants James Granville Thompson. a minor, and James T. Thompson, as guardian, denying the allegations which in any way tended to controvert the allegations and statements contained in the plaintiff's petition.

On May 10, 1917, defendant James Granville Thompson, by his guardian ad litem, R. A. Reynolds, filed a separate answer containing a general denial, and alleged that the said defendant James Granville Thompson was the owner of the land described in the plaintiff's petition, and the plaintiff had no interest therein, and praying judgment accordingly.

On May 12, 1917, the plaintiff, . C. H. Brown, filed a reply to the separate answer of defendant James Granville Thompson, a minor, consisting of a general denial, and on December 14, 1917, a jury having been

waived by the parties, the cause was tried to the court, and at the conclusion of such trial the court rendered judgment in favor of the plaintiff, C. H. Brown, and against the defendants Columbus H. and Francis DeFord, James T. and Mary E. Thompson, in the sum of $249.15, with interest at the rate of 10% per annum from August 23, 1916, and for $50 attorney's fees, and for foreclosure of the mortgage, declaring the same to be a prior lien on ten acres of the land described as the N.W.¼ of N. E.¼ of the S. W.¼ of sec. 27, and rendered further judgment in favor of the defendant James Granville Thompson, a minor, quieting title in him to the remaining 40 acres of land, described in the plaintiff's petition as the N.W.¼ of the S.W.¼ of said sec. 27.

The plaintiff, C. H. Brown, filed his motion for a new trial, which was overruled by the court, and from which judgment overruling the same the said C. H. Brown, plaintiff, and P. G. Utley, administrator of the estate of R. H. Utley, deceased, as plaintiffs in error, commenced this proceeding in error to reverse such judgment of the trial court, making the other named defendants except the DeFords, who made default, and the defendants F. W. Galer and J. A. Wettack, who filed disclaimers in the court below, defendants in error.

The said plaintiffs in error assign error as follows:

"1. Said court erred in overruling the motion of the plaintiffs in error for a new trial.

"2. Said court erred in rendering judgment in favor of the defendant in error James Granville Thompson, a minor, and against said plaintiffs in error.

"3. Said court erred in not rendering judgment in favor of said plaintiffs in error and against the defendant in error James Granville Thompson, a minor.

"4. That the judgment of said court is not supported by the evidence "

—and in said assignments argue in their brief two propositions, which are as follows:

"1. The court erred in holding that the deed of the allottee. Sarah Phillips, dated December 23, 1907, did not convey the title to property.

"2. The judgment entered on behalf of the defendant James Granville Thompson, quieting title in him and canceling the mortgage of plaintiff, was not supported by any evidence."

The findings of the trial court upon which he rendered judgment were as follows:

"And now at this time, the court having heard the argument of counsel and being well and truly advised in the premises, did then and there find and render judgment in favor of the plaintiff, C. H. Brown, and against the defendants Columbus H. DeFord, Francis A. DeFord, James T. Thompson and Mary E. Thompson for the sum of $249.15, together with interest thereon at the rate of ten per cent. per annum from August 23, 1916, and for the further sum of $50.00 attorney fees, and the court renders further judgment in favor of the plaintiff foreclosing his mortgage and decreeing the same to be a first and prior lien on that part of the real property described in plaintiff's petition. The court further found in favor of the defendant and cross-petitioner, P. G. Utley, administrator, against the defendants James T. Thompson and Mary E. Thompson for the sum of $299.82, together with interest at 10 per cent. from August 8, 1916, and $50.00 attorney fees, and renders judgment in favor of said cross-petitioner foreclosing his mortgage lien and decreeing the same to be a lien on said property described therein.

"The court further found in favor of the defendant James Granville Thompson, a minor, quieting title in said defendant to the N.W.¼ of the S.W.¼ of section 27, T. 20 north, range 15 east, in Rogers county, Oklahoma, and orders the mortgage of plaintiff and cross-petitioner be canceled and removed all clouds upon the title of said defendant, James Granville Thompson, to all of which said adverse finding said plaintiff duly excepted."

The judgment as contained in the journal entry was that the plaintiff, C. H. Brown, recovered a personal judgment against the defendants DeFord and James T. and Mary E. Thompson for the sum hereinbefore stated, and declared the same to be a first and prior lien upon the ten acres of land described as the N.W.¼ of the N.E.¼ of the S.W.¼ of sec. 27, and a judgment in favor of the cross-petitioner, P. G. Utley, administrator, and against James T. and Mary E. Thompson, for the sum of the $299.82, with 10 per cent. interest from August 8, 1916, and $50 attorney fees, decreeing the same to be a second lien upon said ten acres of land; and rendered a judgment quieting the title to the 40 acres of land described as the N.W.¼ of the S.W.¼ of section 27, in the defendant James Granville Thompson, a minor.

Counsel for defendants in error state in their brief as follows:

"As we understand it, there is really but one question before the court. That is whether or not the deed of Sarah Phillips dated Dec. 23rd, 1907, conveyed title to the grantee therein named."

At the trial, the plaintiff, C. H. Brown, introduced his note and mortgage. There also introduced on behalf of the plaintiff a certified copy of surplus selection of Sarah Phillips, covering the N. W. ¼ of the S. W. ¼, sec. 27, T. 20 N., R. 15 E., in Rogers county, Oklahoma, dated December 17, 1907; also certified copy of certificate of allotment dated February 21, 1908, showing that the N. W. ¼, S. W. ¼, 27-20-15, had been allotted to Sarah Phillips; also allotment deed dated March 17, 1909, from the Cherokee Nation to Sarah Phillips, covering said above described N. W. ¼, S. W. ¼, 27-20-15; also a warranty deed from Sarah Phillips, a widow, to R. W. Radford, covering said N. W. ¼, S. W. ¼, 27-20-15, dated December 23, 1907. Thereupon the plaintiff rested.

The attorney for the defendant James Granville Thompson thereupon made the following statement:

"This selection was made on December 17th, 1907. On December 23, 1907, following, Sarah Phillips, the allottee, conveyed the lands in question to P. W. Radford. On February 21, 1908, certificate of allotment was issued to the allottee. The defendant James Granville Thompson, a minor, claims under certain quitclaim deeds from the heirs of Sarah Phillips, deceased."

The defendant James Granville Thompson thereupon introduced in evidence a quitclaim deed from Elmer L. Phillips and wife to James Granville Thompson dated August 13, 1915, and a quitclaim deed from J. W. Bridges and Thomas H. Bridges to James G. Thompson, dated August 25, 1915, and a quitclaim deed from Soxie E. Patrick (nee Phillips) and husband to James Granville Thompson, dated August 13, 1915; and a quitclaim deed from Henry G. Phillips, a single man, and Bettie Bridges, wife of Thomas H. Bridges, to James G. Thompson, dated August 30, 1915, and a quitclaim deed from James T. Thompson and Mary E. Thompson to James Granville Thompson, dated September 3, 1915; all of said deeds covering the said N. W. ¼, S. W. ¼, 27-20-15.

Thereupon the case was closed.

It is obvious that the plaintiffs in error were not entitled to a decree foreclosing their respective mortgages upon the N. W. ¼, S. W. ¼ of sec. 27, the 40 acres involved herein, as it is a part of the plaintiff's case in a foreclosure proceeding to show that the mortgagors either had title to the land covered by

the mortgage at the time of the execution of the same or that they thereafter acquired title thereto prior to the foreclosure proceeding. The plaintiff's testimony tended to show that at the time of the trial there was an outstanding title to the land involved in one P. W. Radford, a third party who was not a party to the suit, and the record is entirely barren of testimony tending to connect the mortgagors with such title. Hence, the trial court did not err in refusing to grant the foreclosure on the premises involved.

It is also quite obvious that the defendant James Granville Thompson, a minor, was not entitled to a judgment quieting title to the land in controversy in him. In his cross-petition he alleged ownership in the land, and the burden rested upon him to prove his ownership by a preponderance of the testimony. He sought to do this, as the record discloses, by the introduction in evidence in the case of all the quitclaim deeds hereinbefore referred to, and offered no testimony tending to show that the grantors in such quitclaim deeds were the heirs of Sarah Phillips, the allottee, or that the said allottee, Sarah Phillips, was either dead at the time of the trial or that she died intestate. So that if it be true, as contended by counsel for the defendants in error, that the deed from Sarah Phillips to P. W. Radford is void, upon which point we express no opinion, the defendant James Granville Thompson failed to establish his title to the land in controversy for the reason stated. So the judgment of the trial court quieting title in him was wholly without evidence to sustain it. For that reason the judgment must be reversed.

We deem it unnecessary to cite authorities to support the principles of law announced, as the same are elementary, and we think no decisions can be found announcing a contrary doctrine.

For the reason cited, the plaintiffs in error's second proposition, "That the judgment entered on behalf of the defendant James Granville Thompson, quieting title in him, and canceling the mortgage of plaintiff, was not supported by any evidence," is well taken and must be sustained, and such judgment of the trial court is therefore reversed, and the cause remanded for new trial.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.