**BILBY et ux. v. INVESTORS' MORTGAGE SECURITY CO., Ltd., et al.**

No. 13164—Opinion Filed Jan. 27, 1925.

**Mortgages—Foreclosure—Issues—Burden of Proof as to Mortgagor's Title.**

In an action to foreclose a mortgage against real estate, where the title of mortgagor is not drawn into question by the pleadings or evidence tending to show title in some third person not a party to the action, and the defendant, mortgagor, by answer, admits the execution of the mortgage, it is unnecessary for plaintiff in making out his case against the mortgagor to introduce evidence to show title in him at the time the mortgage was executed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Hughes County; J. L. Coffman, Judge.

Action by the Investors' Mortgage Security Company, Ltd., a corporation, against Nicholas V. Bilby and Bird Bilby, and his wife, Willard P. Holmes, G. W. Cochran, and G. C. Cochran, partners doing business under the firm name of Cochran Grocery Company, The National Reserve Bank of Kansas City, Missouri, a corporation, and J. D. Earl and Henry Chambers, on notes for loan of money and to foreclose a real estate mortgage. Judgment for plaintiffs and on the cross-petition of Willard P. Holmes, and Nicholas V. Bilby and Bird Bilby appeal. Affirmed.

Anglin & Stevenson, for plaintiffs in error.

Stephen C. Treadwell and I. R. McQueen, for defendants in error.

Opinion by THREADGILL, C. Defendant in error, plaintiff in the trial court, brought suit against plaintiffs in error, defendants in the trial court, on certain notes and for the foreclosure of a real estate mortgage to satisfy the same. The land described in the petition and mortgage was S. E. ¼ of section 7; S. E. ¼ of N. W. ¼; S. W. ¼ of N. E. ¼ of section 8; S. ½ of N. E. ¼ of section 9, T. 6 N., R. 9 E.; and N. E. ¼ of section 32, T. 7 N., R. 10 E., in Hughes county. For convenience, the parties will be referred to here as they were in the trial court. There were other defendants besides the Bilbys, but as they do not appear in the proceedings in error, and their interests were not involved in the issues between the plaintiff and the Bilby defendants, we are considering the petition in error only as the same applies to the plaintiff and the Bilby defendants.

Plaintiff filed his petition pleading the note and mortgage which were executed by the defendants, and attached copies to the petition and stated the breach, and claimed the amount due and owing, including reasonable attorney's fees, and asked for foreclosure. The defendants, after dilatory pleas, filed answer admitting the execution of the notes and mortgage, but denied the breach of conditions in the mortgage. In the trial of issues to the court, a jury being waived, plaintiff introduced the notes and mortgage and evidence of default in payment, and proof of reasonable attorney's fees, and rested, and defendants demurred to the evidence as not sufficient to make out the case, which being overruled, defendants rested, and the court gave judgment in favor of plaintiff and the case is brought here for review, and a reversal is sought on the ground that plaintiff failed to prove that the defendants, Bilbys, as mortgagors, had any right, title, or interest in the lands described in the petition and mortgage of foreclosure.

Defendants contend that the notes and mortgage are not sufficient evidence to show that defendants were the owners of the lands mortgaged, and, there being no other proof of their interest or ownership, the evidence failed to make out the case, citing Brown v. Thompson, 84 Okla. 17, 201 Pac. 987.

The first paragraph of the syllabus reads as follows:

"The plaintiff in an action to foreclose a real estate mortgage must show, as a necessary part of his case, title in the grantors to the land covered by the mortgage at the time they executed the same or title subsequently acquired and prior to the trial of the foreclosure proceedings."

This rule would seem to sustain the defendants' contention, but before applying the rule we must consider the state of facts upon which the rule was announced. The testimony developed in the case tended to show an outstanding title to the land involved in a third party, and one who was not a party to the action, and this was given as the reason for sustaining the judgment of the trial court in refusing to grant a foreclosure on the premises. The court used the following language:

"The plaintiffs' testimony tended to show that at the time of the trial there was an outstanding title to the land involved in one P. W. Radford, a third party, who was not a party to the suit, and the record is entirely barren of testimony tending to connect the mortgagors with such title. Hence the trial court did not err in refusing to grant the foreclosure on the premises involved."

There was no such state of facts develop-

ed and no such issue raised in the evidence introduced in the case at bar, and the execution and delivery of the notes and mortgage were admitted by the defendants, and the only issues in controversy were the breach of condition in nonpayment and reasonable attorney's fees, and there was no issue of an outstanding title of ownership, and, in such case, the rule applicable is state in vol. 1 of Encyclopedia of Evidence, page 615, as follows:

"The general rule is that admissions in deeds are, as between the parties to them and their privies, conclusive, but not as affecting strangers."

The covenant in the mortgage was as follows:

"And the said first party (being the mortgagors) hereby covenant and agree that at the delivery hereof, they are lawful owners of the premises above granted, and seized of good and indefeasible estate of inheritance therein, free from all incumbrances, and that they will warrant and defend the title to the same against the claims of all persons whomsoever."

The defendants admitted the execution of the mortgage, and were bound by its terms as between the plaintiff and themselves under the general rule without any other proof of title or ownership, and if there was no other issue plaintiff would have been entitled to judgment on the pleadings. Plaintiff cites the following authorities in support of this rule. Babelmen Lumber Co. v. Hinton, 79 Neb. 313, 112 N. W. 603; Johnson v. Young et al., 47 Okla. 741, 150 Pac. 664; Stephens v. Doxey (Utah) 218 Pac. 965; Montandon v. Wingert (Idaho) 47 Pac. 814; Platts v. Auclair (N. H.) 108 Atl. 167; Encyclopedia of Evidence, vol. 8, page 675.

It may be said that the rule applicable between the parties to the written instrument as announced by the great weight of authority is based upon the doctrine of estoppel. Section 24, vol. 1, of Greenleaf on Evidence (16th Ed.) sets out the rule that the grantor is conclusively estopped by his deed. In the second volume of Jones on Evidence (1923) section 281, we have the following language:

"It will elsewhere appear in the discussion of the effect of judgments as evidence that in some cases the law attaches an artificial effect to certain classes of evidence. The same principle will now be illustrated in respect to recitals and statements in deeds; and it will be found that such recitals are not, like casual admissions, judged by their intrinsic weight as evidence, but that, under the limitations to be named, they conclusively bind the parties and their privies. *** Thus, a specific recital in a deed that the grantor has title to or that he is in possession of the land conveyed will estop him from asserting the contrary as against the grantee. In other words, the grantor is estopped from saying that he had no interest in the land."

We do not think that there was any failure of proof as to the title and ownership of the defendants, and their contention is without merit. The judgment of the court should be affirmed.

Defendant in error calls attention to the supersedeas bond given by plaintiffs in error when the appeal was taken, and asks for judgment on this bond. The bond was in the sum of $14,000, with Nicholas V. Bilby and Bird M. Bilby as principals, and J. W. Green and C. C. Standford as sureties. The judgment of the trial court stayed by this bond was the sum of $6,617.70, with 10% interest per annum from September 12, 1921, until paid, and the further sum of $400 attorney's fees, with 6% interest per annum from September 12, 1921, until paid. The bond was further conditioned upon the confirmation of said judgment that the principal obligors shall pay to the said obligees the condemnation money and costs, and the judgment of the court having been affirmed, defendant in error is given judgment against the sureties on said bond for the said sum of $6,617.70, with 10% interest per annum from September 12, 1921, until paid, and the further sum of $400 attorney's fees, with 6% interest per annum from September 12, 1921, until paid.

By the Court: It is so ordered.