The parties will be designated as they appeared in the trial court.
The petition of the plaintiff sought to foreclose a certain mortgage on real property and set up the note and mortgage executed by Nicholas V. Bilby and Bird M. Bilby, husband and wife, in favor of one B. H. Bonfoey, which note and mortgage were subsequently assigned to plaintiff. The original petition was filed April 18, 1918, and described the lands mortgaged, and alleged default in the payment of interest, and prays judgment of foreclosure. On June 29, 1918, defendants filed their answer, admitting the execution of the note *Page 9 
and mortgage, and denying default in the payment of the interest coupon notes, as alleged by plaintiff. On November 14, 1918, plaintiff filed his amended petition, to which the defendants demurred generally, which demurrer was by the court overruled. Defendants did not refile their answer to the amended petition, and the plaintiff, upon the cause being regularly set for trial and duly called, introduced the notes and mortgage and evidence of default in the payment of the interest coupon notes and rested. Defendants filed their demurrer to the plaintiff's evidence "for the reason that facts sufficient are not proved upon which a judgment can be based in favor of the plaintiff and against the defendant." Upon the overruling of this demurrer to the evidence, defendants made the following announcement in open court: "We have no testimony." Thereupon, judgment was rendered against the defendants and in favor of the plaintiff as prayed, and defendants bring this cause on for review upon petition in error and case-made.
Defendants assign as error that the judgment is not sustained by sufficient evidence, is contrary to law, and the court erred in overruling the defendants' demurrer to the plaintiff's evidence, and rest their appeal entirely upon the case of Brown v. Thompson, 84 Okla. 17, 201 P. 987, and contend that as no effort was made to prove that the defendants had any right, title or interest in the land upon which the foreclosure was sought, the cited case is controlling, and the judgment of the trial court should be reversed. Paragraph No. 1 of the syllabus in Brown v. Thompson, supra, if permitted to stand, and standing alone, would appear to sustain the defendants' contention, but by reference to the statement of the case and the body of the opinion, it is disclosed there is no similarity in the cited case and the case under review. The cited case was for foreclosure of a mortgage of real property, and the defendants were Columbus DeFord, Frances DeFord, James T. Thompson, and Mary E. Thompson. Thereafter, one James Granville Thompson, a minor, intervened, and by guardian, filed his answer and cross-petition alleging he was the owner of the land, and at the time of the execution of the mortgage attempted to be foreclosed by plaintiff, the parties executing the same had no right, title or interest in and to the land covered by the mortgage, and that none of the defendants had since acquired any right, title or interest therein. Plaintiff replied by general denial, and at the trial of the cause introduced his notes and mortgage executed by the DeFords and Thompsons, and further introduced a certified copy of the surplus allotment of Sarah Phillips covering the identical lands, and a warranty deed from Sarah Phillips to R. W. Radford, and thereupon plaintiff rested, leaving by his own evidence an outstanding title in Radford. Upon appeal to this court, the court said:
"The plaintiff's testimony tended to show that at the time of the trial there was an outstanding title to the land involved in one R. W. Radford, a third party, who was not a party to the suit, and the record is entirely barren of testimony tending to connect the mortgagors with such title."
The pleadings and evidence in the cited case occasioned the expression as set forth in paragraph No. 1 of the syllabus, but standing alone the same is misleading and does not correctly state a general rule. The syllabus is as follows:
"The plaintiff in an action to foreclose a real estate mortgage must show, as a necessary part of his case, title in the grantors to the land covered by the mortgage at the time they executed the same, or title subsequently acquired and prior to the trial of the foreclosure proceedings."
The rule there announced, without restrictions or qualifications applicable to the particular facts raised by the pleadings and the evidence in a particular case, does not correctly state the law. If such a general rule were adhered to, it would undoubtedly have the effect of greatly retarding the progress and development of the state, as no person would care to loan money on real property in this state, if, upon foreclosure proceedings, they were required to perfect and prove title in the grantors at the time they executed the mortgage, or that they had acquired title thereto subsequent to the execution of the mortgage, and therefore the first paragraph of the syllabus of Brown v. Thompson, supra, is hereby expressly overruled, and the rule is hereby expressly announced that where B. executed his note and mortgage to W., and proceedings are instituted by W. to foreclose the mortgage, the presumption arises that B. had such a right, title or interest in the property as would authorize him to execute the mortgage sought to be foreclosed, and where B. admits the execution of the note and mortgage, W. is not required as a necessary part of his case to show title in the mortgagor.
The defendants having admitted in their answer to the original petition, the execution of the note and mortgage, and there being no claim of title adverse to the defendants' title at the time they executed the note and mortgage, and the plaintiff having introduced *Page 10 
the note and mortgage, and evidence of default, the judgment of the court was fully sustained by the evidence, and the judgment of the trial court is therefore affirmed.
By the Court: It is so ordered.