## EARL v. EARL *et al.*

No. 7082. Opinion Filed June 8, 1915.

Rehearing Denied June 29, 1915.

(149 Pac. 1179.)

1. **JUDGMENT—Foreign Judgments—Determination of Validity—Jurisdiction.** The courts of any state in the Union have jurisdiction to declare the judgments of a sister state void for want of jurisdiction, and neither the constitutional provision that full faith and credit be given in each state to the judicial proceedings of every other state or the act of Congress passed in pursuance thereof prevents an inquiry into the jurisdiction of the court by which a judgment is rendered, by the courts of another state.

2. **JUDGMENT—Conclusiveness—Issues.** A regular judgment, while it remains in force, is conclusive as to every matter that might have been given in evidence on the issues raised by the pleadings.

(Syllabus by Devereux, C.)

*Error from District Court, Oklahoma County; W. R. Taylor, Judge.*

Action by Lura Earl against Beatrice Earl and others. Judgment for defendants, and plaintiff brings error. Affirmed.

This action was begun on November 11, 1913, to set aside a judgment of divorce wherein Frank B. Earl, who died before the present action was instituted, obtained a divorce from the plaintiff herein, in the district court of Oklahoma county, in 1895. The case was tried on an agreed statement of facts, those material to this decision being as follows:

"It is hereby stipulated and agreed that in 1895 Frank B. Earl instituted an action in the district court of Oklahoma county against Lura Earl, the object and prayer of which was to obtain a divorce. At that time

Lura Earl was a resident of Missouri. Copy of the petition, affidavit, notice of publication, and judgment in said cause No. 1318 are attached to plaintiff's original petition and made a part of this stipulation by reference, and it is agreed that they constitute the entire record and files in said cause and are true and correct.

"It is further agreed that in 1897 in the circuit court of Davies county, Mo., Lura Rice Earl instituted an action for divorce on the ground of abandonment against Frank B. Earl, and that in answer to said petition the defendant, Frank B. Earl, alleged in his answer as follows: First, a general denial of the abandonment as alleged in said petition; and, second, an affirmative defense setting up the judgment in cause No. 1318, district court of Oklahoma county, in bar to a recovery in said action. A reply was filed joining issue. Upon the issues joined, the court rendered judgment as follows: 'Lura Rice Earl v. Frank B. Earl. Now at this day come the parties by their respective attorneys and submit this cause to the court upon the pleadings and proof adduced, and the court, being fully advised, doth find the issues for the defendant and against the plaintiff, dismissing the plaintiff's petition. It is therefore considered that plaintiff take nothing by her writ, and that defendant go thereof without day and and recover of the plaintiff his costs in this behalf expended and have execution therefor.'

"It is further stipulated and agreed that the copies of the petition, answer, reply, and judgment attached to defendant's answer filed in this cause are true, complete, and correct copies of the pleadings and judgment filed in and rendered in the said circuit court of Davies county, Mo., in said cause of Lura Rice Earl v. Frank B. Earl.

"It is further agreed that said exhibits attached to said pleadings shall be considered as admitted in evidence."

The action in the Missouri court referred to in the agreed statement of facts, and made a part hereof, was instituted at the April term, 1897, of the circuit court of

Davies county, Mo., by the present plaintiff, to obtain a divorce from Frank B. Earl, now deceased, on the ground of abandonment. The answer in that case was: First, a general denial; and, second, the defendant expressly pleaded the judgment of the district court of Oklahoma county, territory of Oklahoma, granting him a divorce from the plaintiff in that action, by way of estoppel and *res adjudicata*. To this answer the plaintiff in the action in Missouri replied by a general denial, and further pleaded no knowledge or information sufficient to form a belief as to the decree of the district court of Oklahoma county on the 25th of December, 1895, and alleging if such pretended decree was rendered the same was procured by the fraud of the defendant. The reply further pleads that Lura Rice Earl had no notice whatever of the pendency of the action against her in the district court of Oklahoma county, and that said court had no jurisdiction of the subject-matter or the person of said Lura Rice Earl. She further pleaded in this reply that, if the decree of the 25th of December, 1895, was rendered in the district court of Oklahoma county, it was a fraud upon the laws and courts of the State of Missouri, Frank B. Earl at the time of the decree being domiciled in the state of Missouri, and only pretending to remove to the territory of Oklahoma for the fraudulent purpose of giving the court of Oklahoma county a color of jurisdiction over his person. The judgment of the Missouri court is set out in the agreed statement of facts, finding the issues for the defendant and giving judgment that the defendant go without day.

In the present action there was judgment against the plaintiff, from which she prosecutes error to this court.

*F. A. Rittenhouse*, for plaintiff in error.

*J. L. McKamy*, for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). For the purpose of this opinion it will be assumed that the affidavit for service by publication in the divorce action of 1895 was insufficient, and that service by publication in that action was void. This presents the question whether or not the judgment of the circuit court of Davies county, Mo., was *res judicata*, and therefore an estoppel upon the present plaintiff in this action. The preliminary question arises whether the courts of one state have jurisdiction to declare the judgment of another state void. While there is some conflict of authority on this question, the great weight of authority is that they do possess such power. In *Litowich v. Litowich*, 19 Kan. 451, 27 Am. Rep. 145, a decree of divorce had been obtained in Utah, and the validity of this judgment came to the Kansas courts on the question of alimony in that court. It was contended that the Utah divorce was void, and the court say:

"Where the judgment granting the divorce does not appear to be void upon its face, it may be shown to be void by evidence *aliunde*. And, indeed, any judgment from a sister state, void for want of jurisdiction, may be shown to be void in any proceeding, direct or collateral, and by evidence *dehors* the record, provided that the record itself does not show the invalidity of the judgment upon its face. *Thompson v. Whitman*, 18 Wall. 457 [21 L. Ed. 897]; *Knowles v. Gaslight Co.*, 19 Wall. 59 [22 L. Ed. 70]."

This is followed in the case of *Mastin v. Gray*, 19 Kan. 458, 27 Am. Rep. 149, wherein the court say:

"A great majority of the courts hold that a judgment from another state may be impeached for want of jurisdiction collaterally as well as directly, and by extrinsic evidence as well as by the record."

In *Thompson v. Whitman*, 18 Wall. 457, 21 L. Ed. 897, it is decided that neither the constitutional provision that full faith and credit be given in each state to the judicial proceedings of another state or the act of Congress passed in pursuance thereof prevents an inquiry into the jurisdiction of the court rendering the judgment by the courts of another state. In our opinion, these cases are supported by reason and the great weight of authority, and the Missouri court therefore had jurisdiction to pass upon the validity ·of the Oklahoma judgment.

The question is, therefore, whether the judgment of the Missouri· court was *res judicata* in the case at bar. In that case two issues were distinctly raised by the answer: First, the general denial of the allegations of the petition by the wife; and, second, the validity of the Oklahoma judgment. It will be noted· that in her reply the present plaintiff directly impeached the judgment on the ground that there was no jurisdiction over her person. The court in that case made a general finding on the issues in favor of the defendant. The question, therefore, is presented whether this was an adjudication of the Oklahoma judgment.

In *Pratt v. Ratliff*, 10 Okla. 168, 61 Pac. 523, it is held:

"A judgment is a bar if the cause of action be the same, ·though the form be different. The cause is the same when the same evidence will support both actions; or, rather, the judgment in the former action will be a bar provided the evidence necessary to sustain the judgment for the plaintiff in the present action ' would have authorized a judgment for him in the ·former. When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become *res judicata*, and the same matter between the

same parties cannot be reopened or subsequently considered."

In the case at bar the same evidence which has been introduced by the plaintiff in this action to show the want of jurisdiction in the district court of Oklahoma county in the action of 1895 would have been entirely relevant and competent in the action in Missouri to show no jurisdiction had ever been obtained over the person of the defendant.

In *Woodworth v. Town of Hennessey*, 32 Okla. 267, 122 Pac. 224, it is held:

"A fact or a question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction upon the same or a different cause of action."

The question of the validity of the judgment of 1895 was directly put in issue in the Missouri case, and the court found the issues in favor of the defendant.

In *Pioneer Tel. & Tel. Co. v. State*, 40 Okla. 417, 138 Pac. 1033, it is held:

"A regular judgment, whilst it remains in force, is conclusive as to every matter that might have been given in evidence or pleaded to the action in which it was rendered, except matters growing out of separate and independent causes of action, which might have been pleaded in offset."

This is a governing authority in the case at bar. The validity of the judgment of 1895 was distinctly and fairly put in issue by the pleadings in the Missouri case.

In *Indian Land & Trust Co. v. Shoenfeldt,* 135 Fed. 484, 68 C. C. A. 196, it is held by the Circuit Court of Appeals for the Eighth Circuit:

"Where a court of equity has no jurisdiction of a suit, the decree of dismissal must expressly adjudge that it is rendered upon that ground, or must expressly provide that it is made without prejudice. A general decree of dismissal, without more, renders all the issues presented in the case *res adjudicata,* and constitutes a bar to an action at law for the same cause."

In *Holford v. James,* 136 Fed. 553, 69 C. C. A. 263, it is held:

"It is sufficient to support a plea of *res judicata,* if the record of the court having cognizance of the prior case shows final disposition of it on the merits, and this though the issues did not appear in the entry of judgment."

The plaintiff in error contends that the Missouri judgment cannot be taken as an estoppel because there were two issues raised by the pleadings, and, as there is a judgment without specifically finding on the issue which is now claimed as *res judicata,* the burden is on the party pleading the estoppel to show by evidence that the decision of the court was on that issue.

Plaintiff in error cites a number of authorities to sustain this position, but, if they are applicable to the case at bar, we think the question is foreclosed in this state by the decision in *Pioneer Tel., etc., Co. v. State, supra.* Under the pleadings of the Missouri case there is no doubt that the question as to the validity of the Oklahoma judgment might have been given in evidence in that action, and, if it could have been, under the above-cited case, it is an estoppel.

We recommend that the judgment be affirmed, and the petition for rehearing be denied, and the former opinion filed herein be withdrawn, and this opinion substituted therefor.

By the Court: It is so ordered.