MOODY, Trustee, et al. v. BRANSON, Trustee, et al.

No. 30605. April 13, 1943.

*136 P. 2d 925.*

McGill, Castor & Elcock, of Wichita, Kan., and H. H. McKeever, of Enid, for plaintiffs in error.

V. L. Headrick, of Enid, and Thos. C. Forbes and Carl C. Chase, both of Eureka, Kan., for defendants in error.

HURST, J. Plaintiff sued to determine to which of two parties to this appeal she should pay a mortgage indebtedness which she owed to the estate of William H. Ryan, deceased. She was allowed to pay the money into court, and is not involved in this appeal.

William H. Ryan died testate in Garfield county, Okla., in 1931. His will provided for the creation of a trust, named his adopted daughter Leone Maurine Ryan as direct beneficiary, his sister Martha Ryan Moody as trustee, and provided that if Leone Maurine

Ryan died before becoming 30 years of age the undistributed balance of the trust estate should be divided between Martha Ryan Moody and Parmelia Raymond, another sister of deceased. The will was admitted to probate and the estate fully administered in Garfield county.

In 1937, Leone McIver (nee Leone Maurine Ryan), the direct beneficiary, brought an action against Martha Ryan Moody as such trustee in the district court of Greenwood county, Kan., the place of Mrs. Moody's residence, to require an accounting by her as trustee and for her removal if she was found to have mismanaged the trust estate. Parmelia Raymond, who was a resident of Illinois, was not made a party to the action. The Kansas court found Mrs. Moody guilty of mismanagement of the trust, removed her as trustee, and ordered her to deliver the assets of the trust, including the land in Oklahoma, to the newly appointed successor trustee, John Branson. The court by its judgment specifically retained jurisdiction to administer the trust, required Branson to give bond for the faithful performance of his duties, and ordered him to make annual reports. The judgment was not appealed from, became final, and Mrs. Moody fully complied therewith.

In the present action appellants, Martha Ryan Moody and Parmelia Raymond, by answer and cross-petition, alleged that the judgment of the Kansas court was void because of lack of jurisdiction, and that Martha Ryan Moody was still trustee and entitled to the money deposited by plaintiff. In the alternative they prayed that if the Kansas judgment be held valid, Branson be removed as such trustee by the Oklahoma court for cause.

Appellees, Branson and Leone McIver, by answer, alleged that the judgment of the Kansas court was valid, that Branson was entitled to the deposit, and that the Oklahoma court had no jurisdiction to remove Branson because the Kansas court had specifically retained jurisdiction.

The trial court rendered judgment denying the removal of Branson and ordering the court to pay over to him the money deposited by plaintiff. Martha Ryan Moody and Parmelia Raymond appeal.

1. Appellants first contend that in an action to remove a trustee and appoint a successor all cestuis que trustent are indispensable parties, and that since Parmelia Raymond was not a party to the proceedings in Kansas, the judgment of the court there was void. We do not agree.

This was an action in personam against Martha Ryan Moody. She resided in Greenwood county, Kan. The personal property of the trust was located there. The district court of that county, being one of general jurisdiction possessing general equity powers, had jurisdiction of the action. Manley v. Carter, 7 Kan. A. 86, 52 P. 915; 65 C. J. 597, 629; Bogert, Trusts & Trustees, vol. 3, § 523, p. 1656.

There were three issues involved in the proceedings in Kansas, an accounting, removal of the then trustee, and appointment of a successor trustee. It is well established that the rule that all beneficiaries are proper parties to an accounting is for the protection of the trustee alone, to guard him from a multiplicity of suits, and that the requirement may be waived by him. Wyman v. Herard, 9 Okla. 35, 59 P. 1009; 26 R. C. L. 1389. It is likewise well established that in an action to appoint a successor trustee the beneficiaries are proper, but not indispensable, parties, and that a judgment appointing a successor trustee may not be collaterally attacked because of the absence of part of the beneficiaries. 65 C. J. 599, 601; Bogert, Trusts and Trustees, 1700, 1701; Sanders et al. v. Hall, 74 Fed. 2d 399. We think the rule that all the beneficiaries are proper parties to an action to remove a trustee is likewise for the protection of the trustee, to avoid a multiplicity of removal suits. He may also waive this requirement. A contingent beneficiary, whose rights have not vested, has no right to have any

particular person remain as trustee. As long as there is a proper trustee he has no right to complain. Furthermore, the interests of the class to which Mrs. Raymond belonged were fully protected at the Kansas hearing. Her interests in the accounting and removal of the trustee were identical with those of Mrs. McIver. Her interests, if any, in the retention of the trustee were identical with those of Mrs. Moody. She may have been a proper party, but she was not an indispensable party to either the accounting, the removal of the then trustee, or the appointment of a successor trustee, and the judgment of the Kansas court may not be collaterally attacked on such grounds. See Freeman v. Prendergast, 94 Ga. 369, 21 S. E. 837. This disposes of the contention of Mrs. Raymond. Neither has Mrs. Moody any right to complain that Mrs. Raymond was not a party to the proceedings in Kansas. She was a party to that action. She knew then that Mrs. Raymond was a contingent beneficiary and if she desired her presence as a party she could have requested it. By failing to do so she waived any right to complain. By not appealing from the judgment she acquiesced therein. She will not be heard to assert here that such judgment is void.

Cases cited by appellants are accounting cases or suits against transferees of the trustee, where it was claimed that the trustee had illegally invested trust funds or transferred trust property. In only one case, that of Butler v. Butler, 164 Ill. 171, 45 N. E. 426, was a collateral attack on a judgment involved, and in that case the court held that the same result would have been reached if the defaulter had been lawfully substituted as trustee. Such cases are not in point.

Whether or not Parmelia Raymond was a necessary party was a question within the jurisdiction of the Kansas court to decide, and its determination of that question, even if erroneous, does not render the judgment void. 34 C. J. 559, § 859. Section 1 of art. 4 of the federal Constitution requires that we give full faith and credit to the judgment of a sister state unless it is absolutely void. If it is merely voidable, as for an error of law, it must be directly attacked where entered. It cannot be collaterally attacked in other states. 31 Am. Jur. 150; 34 C. J. 1151.

We are bound, therefore, to give full faith and credit to the judgment of the district court of Greenwood county, Kan., removing Mrs. Moody and appointing Branson trustee in her stead. The judgment is conclusive in Oklahoma and re-examination of any of the issues therein is prohibited. The trial court correctly declined to hold the judgment void or set aside the appointment of Branson as trustee.

2. Appellants next contend that even though Branson's appointment by the Kansas court be held valid, the trial court had power to remove him for cause, and erred in refusing to hear evidence on that issue. The basis of the contention is that since much of the property of the trust is located in Oklahoma and the parties were before the court, the court had power to inquire into the trustee's conduct since his appointment and into the question of whether he was a proper person to act by reason of his residence in Kansas. The pleading and offer of proof on this issue went chiefly to the proposition that Branson, who lived in Kansas, should be removed because the trust estate could be more economically administered by an Oklahoma trustee. Assuming, without deciding, that such issue may be raised in a collateral proceeding such as this; that cestuis que trustent whose interests are merely contingent may raise the question; that the Kansas court had no authority to retain jurisdiction to administer the details of the trust; and that the pleadings state a valid cause for removal, we think the trial court, nevertheless, properly refused to entertain the question.

The district court of Greenwood county, Kan., by its judgment was at least asserting an exclusive and continuing jurisdiction to administer the

trust. It has required its trustee to give bond for the faithful performance of his duties. If the courts of Oklahoma, while the action in Kansas is pending, should order his removal and require him to pay over his funds to a successor trustee named here, he might easily be confronted with conflicting orders. Since the situs of the personal property of the trust is now in Kansas, the result might be that there would be one trustee for the assets having a situs in Kansas and another trustee for the property located in Oklahoma. We think that only confusion, inconvenience, and defeat of the settlor's intent could result from Branson's removal by the courts of this state. Nothing could be gained by hearing evidence on that issue. None of the parties to this appeal are residents of Oklahoma, but two of them are residents of Kansas. The courts of Kansas are as competent to administer justice as those of Oklahoma. Any evidence necessitating the removal of the new trustee for cause can as well be presented there as here. Since the Kansas court is the court of first jurisdiction, expediency and the practical desirability of avoiding a multiplicity of forums necessitate the holding that appellants be required to seek their relief there.

In such cases, a court should ordinarily decline to entertain jurisdiction of the issue under the doctrine of comity. Judicial comity is not a rule of law, but one of practical convenience and expediency based on the theory that a court which first asserts jurisdiction will not be interfered with in the continuance of its assertion by another court of a foreign jurisdiction unless it is desirable that one give way to the other. Mast, Foos & Co. v. Mfg. Co., 177 U. S. 485, 488, 20 S. Ct. 708, 44 L. Ed. 856; 21 C. J. S. 850-854; 14 Am. Jur. 424.

In this case we think it would be neither expedient nor desirable for the courts of Oklahoma to entertain an action for the removal of the trustee for cause. The parties have a convenient and proper forum to which they may apply. The trial court did not commit error by refusing to hear evidence on the issue.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, DAVISON, and ARNOLD, JJ., concur. OSBORN, BAYLESS, and WELCH, JJ., absent.