WILCOX v. WILCOX, Gdn, et al.

No. 32585. March 25, 1947.

*178 P. 2d 874.*

John A. Johnson and John F. Butler, both of Oklahoma City, for plaintiff in error.

Jarman & Jarman, of Oklahoma City, for defendants in error.

HURST, C.J. This case involves the ownership of, or right to, a fund amounting to $2,371.64 now on deposit with the court clerk of Oklahoma county.

The case arose out of the following circumstances: Leslie E. Wilcox and Willow E. Wilcox were formerly husband and wife. Willow obtained a divorce from Leslie in Indiana in 1937, but no provision was made in the divorce decree for alimony. In 1928, Leslie acquired title to an undivided one-seventh interest in a half section of land in Grant county, Okla. Willow claims that in 1929 Leslie executed and delivered to her a deed covering said land in order to avoid the collection of a judgment against him and in order to protect her and their two minor sons, but that said deed has become lost. In 1933, Leslie and Willow executed and delivered to L. W. (Luke) Wilcox, brother of Leslie, a deed covering said land, which all concede was in trust so that Luke could renew an existing mortgage and better manage the land. In 1943, Luke sold said land, and the money involved in this case is one-

seventh of the net proceeds from the sale, after deducting fees allowed Luke for acting as such trustee. Luke deposited said money in court after this action was filed.

This action was filed by Leslie, through his present wife and guardian, E. Lee Wilcox, to recover from Luke said money, and Willow was made a party defendant because of her claim thereto. Willow filed an answer and cross-petition claiming ownership of the money by reason of the lost deed, and in the alternative she asked that, in the event that the court should hold against her on that issue, she be allowed alimony out of said money. The court found (1) that no such deed was executed and delivered by Leslie to Willow, and (2) that it was without jurisdiction to order any part of the fund paid Willow as alimony. Willow appeals.

1. The first question presented is whether Willow sustained the burden of proving by clear and convincing evidence the execution and delivery to her of the alleged lost deed so as to vest in her the beneficial title to the land and the fund now in dispute. The law imposes this burden upon her. Brown v. Thompson, 84 Okla. 17, 201 P. 987; 38 C.J. 276; 34 Am. Jur. 602, 625, 626, 627. Three witnesses testified on this issue. Leslie, who was seriously wounded in the first World War, and who was under guardianship by reason of his incompetency for some years prior to the trial, testified that he did not remember executing the alleged lost deed, although he admitted that a judgment was obtained against him about 1929. Luke admitted writing letters and signing a verified pleading in Leslie's guardianship case stating that Willow owned the one-seventh interest in the land or that said deed was delivered to her, but he testified that he never saw the deed and did not know that it was ever executed and delivered, and he further testified that there was some talk of executing and delivering a deed to some person because of the suit pending against Leslie. Willow testified that she thought Luke sent them "notice of title" or "these legal forms", and Leslie signed it and delivered it to her, but she did not record it because she was asked not to do so. She did not testify as to the contents of the deed, whether it was a warranty or quitclaim deed, or whether it contained a description of the land in Grant county, or whether it contained clauses limiting its effect. She testified that the deed was intended as a protection of the whole family, and to avoid the judgment against Leslie.

We think the evidence clearly shows that it was in the minds of the parties that a deed should be executed and delivered for the protection of the family against the judgment, and that Luke thought that such a deed was delivered at the time he wrote the letters, but we are unable to say that the finding of the court that the evidence did not meet the standard of proof required for the establishment of a lost deed constituted error.

2. The next question for decision is whether Willow is barred from recovering alimony in this case by the decree of divorce awarded her by the Indiana court. She cites Sharp v. Sharp, 65 Okla. 76, 166 P. 175, Spradling v. Spradling, 74 Okla. 276, 181 P. 148, West v. West, 114 Okla. 279, 246 P. 599, Miller v. Miller, 186 Okla. 566, 99 P. 2d 515, in support of her contention that she is not so barred. The Sharp Case did not involve the question of alimony, but stands for the rule that the courts of one state are without jurisdiction to render decrees directly affecting the title to lands in another state. The other cases hold that a divorce decree rendered in another state on constructive service does not bar an action in this state for alimony, for the reason that an action for alimony is one in personam and a court is without jurisdiction to enter a judgment for alimony where it does not have jurisdiction of the person of the defendant.

12 O.S. 1941 §1279 provides:

"A divorce granted at the instance of one party shall operate as a dissolution

of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

In Willbrook v. Worten, 137 Okla. 148, 278 P. 388, this statute was considered, and the district court of Osage county was prohibited from entertaining an action for alimony without divorce while a suit for divorce was pending in Creek county. We think it is clear that, under this statute, if the divorce decree in favor of Willow had been rendered in Oklahoma it would bar her from prosecuting this suit for alimony.

The laws of Indiana were not pleaded or proved. We, therefore, presume that the laws of that state as to the effect of said judgment are the same as our laws, and said judgment will be construed according to our laws. Missouri, K. & T. Ry. Co. v. McLaughlin, 29 Okla. 345, 116 P. 811; State v. Wright, 193 Okla. 383, 143 P. 2d 801; American Nat. Bank v. Garland (Tex. Com. App.) 235 S.W. 562; 22 C.J. 151; 31 C.J.S. 532; 20 Am. Jur. 70, §47. The decree rendered by the Indiana court recites that Leslie filed an answer in general denial of the complaint. This recital establishes his personal appearance and that the court had jurisdiction of his person, and hence had jurisdiction to render a judgment for alimony against him. Thompson v. William Ede Co., 187 Okla. 469, 103 P. 2d 530.

We conclude that, since it will be presumed that the Indiana court had jurisdiction to render a judgment for alimony and that the effect of the decree is the same as if it had been rendered in Oklahoma, Willow is barred by the decree of divorce from now suing Leslie for alimony under 12 O.S. 1941 §1279.

Affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.