Jessie BRIDGEFORD, Appellant,

v.

The ESTATE of C. E. CHAMBERLIN, Appellee.

No. 49692.

Supreme Court of Oklahoma.

Nov. 1, 1977.

Rehearing Denied Feb. 1, 1978.

Rucker, Tabor, McBride & Hopkins, Inc. by William D. Hunt, Tulsa, and Morgan, Wenzel & McNicholas by Thomas F. Overlander, Los Angeles, Cal., for appellant.

W. Robert Wilson, Kane, Kane, Wilson & Mattingly, Pawhuska, for respondent.

DOOLIN, Justice:

Appellant, Jessie Bridgeford seeks reversal of a final decree of distribution and determination of heirship in the probate of a will, claiming to be the pretermitted, illegitimate daughter of the testator. The decree found appellant was not a pretermitted heir and thus not entitled to share in the estate.

At hearing on the final account, appellant submitted evidence that in January of 1917, testator, although pleading innocent, was found guilty in a paternity suit and ordered to support one Jessica Timpson, the minor child of Katie Timpson. Appellant offered a birth certificate showing she was born in 1916 as Jessie Viola Chamberlain (sic), the

daughter of Katie Timpson. The father was listed as "Chamberlain."

The parties stipulated that testator never actually acknowledged appellant as his daughter, but that a contract of settlement of the support judgment was made by the parties and approved by the court. Appellant claims this fact to be evidence of acknowledgment. The will did not mention appellant by name.

The executrix demurred to appellant's evidence which was sustained and appellant appeals.

Appellant submits several propositions of error, including an attack on the constitutionality of 84 O.S.1971 § 215.[1] We affirm the trial court because we find testator, by his will, intentionally disinherited appellant without consideration of the constitutionality of such statutes or the evidence that appellant is testator's daughter.

84 O.S.1971 § 132, while allowing a testator to disinherit any or all of his children, makes it mandatory that the will show on its face that an omission to provide for any child is intentional. Section 132 provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

There are two general classes of legislation designed to protect the rights of children of a deceased who are not provided for in his will. The "Missouri type" which provides that if a person dies leaving a child or descendants of a child not named or provided for in his will, the testator shall be deemed to have died intestate as to them. The "Massachusetts type" provides that if a testator omits to provide for a child, such child shall receive a share of the estate as if deceased had died intestate, *unless it appears that the omission was intentional* and not occasioned by accident or mistake. The fundamental difference between the two types is that the Massachusetts type emphasizes the intention of the testator as the material factor.[2] Oklahoma's statute, 84 O.S.1971 § 132 is of the latter type.

Article II of testator's will left all his estate to his wife. Paragraph 3 of that article made the following statement:

"I further state that I fully understand who my heirs at law would be upon my death, and that these persons would inherit my entire estate in the absence of this, my Last Will and Testament. Having this fully in mind, I expressly provide that in the event any person whomsoever should contest the validity of this Will and establish in a court of competent jurisdiction that he or she is an heir at law of mine, whether such person be a child, brother, sister, nephew or niece, or any person claiming by or through any of the above named persons, or any other person, whether he or she be a lineal or collateral heir, other than my said wife,

---

1. "§ 215. Inheritance by and from illegitimate child.—Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child and all the legitimate children are considered brothers and sisters, and on the death of either of them, intestate, and without

issue, the others inherit his estate, and are heirs, as hereinbefore provided, in like manner as if all the children had been legitimate; saving to the father and mother respectively, their rights in the estates of all the children in like manner as if all had been legitimate. The issue of all marriages null in law, or dissolved by divorce, are legitimate." This section was amended by Ch. 36, p. 80 Session Laws of Oklahoma 1977, effective October 1, 1977, to provide for inheritance purposes, an illegitimate child is a child of his father if "the father was judicially determined to be such in a paternity proceeding . . . ."

2. See annotation at 152 A.L.R. 723; dissent in *Estate of Glomset*, 547 P.2d 951 (Okl.1976).

and entitled to inherit from my estate in the absence of this, my Last Will and Testament, then I hereby expressly give, devise and bequeath unto such person or persons, the sum of $5.00 and no more."

Oklahoma has established under our statutes, the intention of testator is controlling. If we find testator intended to disinherit appellant by the above quoted provision in his will, the trial court must be affirmed.

 In construing a will, the court must ascertain the intent of the testator, and that intent must be given effect. In *Hardy v. Carnes*, 294 P.2d 551 (Okl.1956) a holographic will left all testator's property to her two sons and stated: "I want no fuss over it. The boys has seen to me since paw left me. I hope it will be all rite with all the children." This court held testatrix had clearly expressed that she intended to exclude her other two children.

The testator in *O'Neill v. Cox*, 270 P.2d 663 (Okl.1954) declared in his will that he had no children. Contestant of the will claimed this was untrue, that in fact he was the legal son of the testator and thus a pretermitted heir because he was not specifically mentioned. This court affirmed a district court judgment which found the above provision in the will disclosed a clear intent of testator to omit contestant from his will.

In *Dilks v. Carson*, 197 Okl. 128, 168 P.2d 1020 (1946) testator declared he had no children except adopted children and excluded "any and all other persons claiming to be my child by adoption or otherwise." This court held that it was proper to ascertain testator's intention by interpreting the language of the will in light of the circumstances under which the will was made. Therefore, one who claimed to be a daugh-

ter of testator was held to be intentionally disinherited.

 Under the above principles and in light of the circumstances here, the above quoted provisions of the will are a manifestation of testator's intent to disinherit a child, judicially established as his own, without admitting the child was indeed his. This provision in the will is not a "simple" no contest clause.[3] It shows an unambiguous intention to omit any heir other than his wife from inheriting any part of the bulk of testator's estate. Even if appellant did prove she was daughter of testator, she would be entitled to no more than the $5.00 provided for in Article II of the will.[4]

AFFIRMED.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., dissents.

---

3. This court in *Grace v. Hildebrandt,* 110 Okl. 181, 237 P. 98 (1925) considered a "no contest" provision in a will that if *any person* claimed to be entitled to share in the estate other than those provided for, that person would receive $1.00. We held this was not sufficient to deprive a grandchild of his intestate share. This decision interpreted Arkansas law whose pretermitted heir statute is of the "Missouri type." Further the will did not specifically mention "child," in no contest provision.

4. California construed a similar "Massachusetts type" statute in much the same manner in *Van Strien v. Jones,* 46 Cal.2d 705, 299 P.2d 1 (1956). But cf. *In re Ray's Estate,* 69 Nev. 204, 245 P.2d 990 (1952); *In re Torregano's Estate,* 54 Cal.2d 234, 5 Cal.Rptr. 137, 352 P.2d 505 (1960).