**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, an agency of the State of Oklahoma, Appellant,**

v.

**OKLAHOMA MERIT PROTECTION COMMISSION, an agency of the State of Oklahoma and Linda Johnson, Appellees.**

No. 83887.

Court of Appeals of Oklahoma, Division No. 3.

May 9, 1995.

Certiorari Denied July 13, 1995.

Cara S. Nicklas, Oklahoma City, for appellant.

Stephanie L. Theban, Rex W. Thompson, Tulsa, for appellee Linda Johnson.

## OPINION

HUNTER, Judge:

Appellee Linda Johnson (Johnson), a Senior Interviewer with the Oklahoma Employment Security Commission (OESC) applied for an intra-agency promotion to an advertised Manager I position. The cover letter accompanying the vacancy announcement, as well as the announcement, advised that all promoted employees would serve a six-month probationary period before the promotion would become final. Johnson was selected for the position. Soon after assuming her duties, Johnson received a congratulatory letter from the agency's appointing authority. This letter did not mention that the promotion was dependent upon a successful completion of the probationary period before it became permanent [1]. The paperwork con-

---

1. The body of the letter, dated February 6, 1992, states:

cerning the promotion, given to Johnson within one week of her promotion, as well as the monthly evaluations, clearly showed that the promotion was classified as probationary. Johnson received several satisfactory reports during her probationary period. Before the end of that six-month period, however, Johnson was notified in writing that she was being returned to her former position because of unsatisfactory performance as a supervisor, namely, (1) failure to follow her supervisor's work instructions; (2) making a derogatory remark about a staff member in an office meeting and (3) making a racial slur regarding an unemployment insurance compensation claimant. The letter also advised Johnson that this personnel action was not appealable pursuant to Merit Rule 530:10–11–55 [2].

Johnson nonetheless filed an appeal of OESC's personnel action, which was initially dismissed by the Executive Director of the Merit Protection Commission (MPC) because the filing was untimely, having exceeded the 15–day limitation period. Johnson successfully appealed that decision to the full Commission of the MPC. The Executive Director then found jurisdictional requirements had been met and set the matter into the resolution process. Specifically, the Executive Director framed the issue for determination as whether "the statement in the Vacancy Announcement that *all* employees will serve a six month probationary period meets the requirements of Merit Rule 530:11–10–55(a) which requires that *the* employee be informed in writing, before the effective date of the promotion of the determination of the Appointing Authority to require that a probationary period be served."

The hearing officer concluded that Johnson was not properly given notice of the agency's requirement to serve a probationary period and sustained Johnson's appeal. The Merit Protection Commission denied OESC's Petition for Reconsideration. OESC then filed for review in the District Court of Oklahoma County which affirmed the order of the Merit Protection Commission. On review, we find, based on consideration of the record but without weighing the evidence, that MPC committed an error of law which requires us to set the order aside. 75 O.S.1991 § 322. Generally, the reviewing court will not reverse an administrative decision unless "upon examination of the complete record it is left with a 'definite and firm conviction that a mistake has been committed' ..." *Independent School District 4 v. Orange*, 841 P.2d 1177, 1180 (Okl.App.1992) (citations omitted).

Johnson admitted that she saw the job vacancy announcement, but claimed she did not read all of it, just enough to get the vacant position number. The vacancy announcement and its cover memorandum were the only written notifications to applicants that the position had a probationary period requirement if it constituted a promotion for the successful candidate. All other writings in this case, namely, the congratulatory letter from the appointing authority, the OPM–14 [3] and the evaluations, were all after the fact of the promotion. Because the rule requires written notice of probationary period before the effective date of the promotion, we address only whether the job vacancy announcement was fatally flawed because it stated "*all* promoted employees will serve a six (6) month probationary period before such promotions shall become final" rather than "*the* " promoted employee. Merit Rule 530:10–11–55 states, in pertinent part:

to acquire permanent status in the promotional position shall be submitted in writing to the individual before the end of the probationary period and a copy filed with the Office of Personnel Management.

---

I am very happy to announce that you have been selected for the position of UI Manager I, in the Lawton local office.

This promotion is effective February 1, 1992.

**2.** Merit Rule 530:10–11–55(3): If an employee does not prove to be satisfactory in the new class during the probationary period, the employee shall be reinstated to the former position or another in the same class, at the same salary to which entitled had the promotion not taken place. This action is not appealable. However, the reasons for the failure to allow the employee

**3.** OPM–14 is a form issued by the Oklahoma Office of Personnel Management (OPM) which each agency fills out on each employee reflecting job status and change of job status. OPM, the employer agency and the employee each receive a copy.

(1) When an employee is promoted intra-agency, the Appointing Authority may require such employee to serve a 6 month probationary period in the class to which the employee has been promoted or such other probationary period as provided by statute. No probationary period extension shall be permitted. However, the probationary period may be canceled at any time, making the promotion final. The employee shall be informed in writing, before the effective date of the promotion, of the determination of the Appointing Authority to require that a probationary period be served before such promotion shall become final. The Office of Personnel Management will be sent written notice when a probationary period is required for a promoted employee,

(2) If no probationary period is indicated the promotion shall be permanent. Unless the employee and the Office of Personnel Management are notified otherwise before the end of any probationary period, the promotion shall automatically become permanent at the end of the final working day of such period.

On review, OESC contends that Johnson's action was time-barred; that the administrative decision was arbitrary and capricious because the evidence revealed that Johnson saw the vacancy notice and that the administrative agency failed to make necessary findings although they were requested.

■ We agree with OESC's assertion, however, that it gave proper notice under the Merit Rule. Interpretation of statutory language is a question of law and we review the determination of the language *de novo*. *Fink v. State ex rel. DPS*, 852 P.2d 774, 776 (Okl.App.1993). A rule promulgated by an administrative agency charged with the administration of an act, such as the Merit Protection Commission's charge found in 74 O.S.Supp.1994 § 840–1.9(6) "has force and effect of law ..." *Rotramel v. Public Service Company*, 546 P.2d 1015, 1017 (1975). We find, as a matter of law, that a notice which advises that *all* promoted employees will serve a six (6) month probationary period is sufficient notice to *the* promoted employee. (emphases ours). "All" is defined as (1) the whole amount or quantity of as well as (2) every member or individual component of, each one of. *Webster's Third New International Dictionary*, Unabridged, Merriam–Webster, Inc., 1986. Because the facts reveal that the vacancy announcement contained a valid notice of the probationary period and because the announcement was distributed before the employee assumed the position, a finding that the merit rule was violated is an arbitrary determination. An administrative agency's determination is arbitrary and capricious when it is "willful and unreasonable without consideration or in disregard of facts or without determining principle, or unreasonable ... in disregard of facts and circumstances." *State ex rel. Bd. of Trustees, v. Garrett*, 848 P.2d 1182, 1184 (Okl.App.1993). (citations omitted). Failure to read a notice, under the facts of this case, is not a defense available to Johnson after OESC proved that the notice was prominently placed in both the vacancy announcement and in the cover letter accompanying the announcement. Consequently, the Merit Protection Commission, in violation of its own rule, erred in assuming jurisdiction over the appeal.

■ When an employee is returned to his former position because he fails to perform satisfactorily in his supervisory probationary period there is no right to appeal the action returning him to the former position unless the employee alleges that the reason of "unsatisfactory performance" is a sham for the "true" reason, which otherwise is a violation of the Oklahoma Personnel Act. Our law requires the Merit Protection Commission to investigate allegations of violation of the Act. 74 O.S.Supp.1994 § 840–2.5(E). If the investigation reveals that the employee's performance was unsatisfactory in the promoted position and the employee is returned to his same position or one in the same class where he had successfully performed, the Merit Protection Commission commits error if it assumes jurisdiction over the case, absent a determination that the stated reason was a sham reason, invented to cover a violation of the Act. The purpose of the probationary period is to "determine whether the employee will be able to adequately perform

the required duties of the position to which he has been appointed." *Jones v. Western Missouri Mental Health Center*, 878 S.W.2d, 84, 87 (Mo.1994).

Having reviewed the record, we find that the administrative order contained sufficient findings of fact. Appellant's third contention of error is meritless.

In summary, because the vacancy announcement clearly stated that all promoted employees would serve a six month probationary period and this announcement was made before the effective date of the promotion, the Merit Protection Commission erred in assuming jurisdiction over an unappealable matter. We reverse the order of the District Court which affirmed the orders of the Merit Protection Commission and remand the matter to the Merit Protection Commission with directions to vacate its orders and to dismiss Johnson's petition.

REVERSED AND REMANDED WITH DIRECTIONS.

GARRETT, C.J., and ADAMS, J. concur.