OSCN Found Document:IN THE MATTER OF THE ESTATE OF BOYD

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN THE MATTER OF THE ESTATE OF BOYD
2014 OK CIV APP 20
321 P.3d 1001
Case Number: 110439
Decided: 01/31/2014
Mandate Issued: 02/25/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 20, 321 P.3d 1001

IN THE MATTER OF THE ESTATE OF AGNES L. BOYD, DECEASED,

JOHNIE GLEN BOYD, Appellant,
v.
OSKER CLEATIS BOYD, 
Appellee,
and
EVA L. BOYD, if living and if deceased her known and unknown 
successors, Defendants.

APPEAL FROM THE DISTRICT COURT OF ELLIS COUNTY, OKLAHOMA
HONORABLE JOE L. JACKSON, TRIAL JUDGE

AFFIRMED

Laurie E. Hays, LAW OFFICE OF LAURIE E. HAYES, P.L.L.C., Arnett, Oklahoma, 
for Appellant,
David P. Zacker, Bethany, Oklahoma, for Appellee.


Wm. C. Hetherington, Jr., Vice-Chief Judge:
¶1 Johnie Glen Boyd (Appellant) argues the trial court's order on appeal 
fails to give full faith and credit to probate proceedings in Texas in which 
Raymond Glen Boyd was determined to be the sole devisee of Agnes L. Boyd 
(Decedent). The Oklahoma trial court's order provided for the division of 
Oklahoma oil, gas, and mineral property into one-fourth interests according to 
Oklahoma statutes. Pursuant to both case law and long-standing statutory law, 
the order of the trial court is AFFIRMED.
STANDARD OF REVIEW
¶2 As the Court explains in Estate of Holcomb, 2002 OK 90, ¶ 8, 63 P.3d 9, 13:

 
 Probate proceedings are of equitable cognizance. While an appellate court 
 will examine and weigh the record proof, it must abide by the law's 
 presumption that the nisi prius decision is legally correct and 
 cannot be disturbed unless found to be clearly contrary to the weight of the 
 evidence or to some governing principle of law.
(Footnotes omitted.)
Statutory construction presents a question of law. Salve Regina College v. 
Russell, 499 U.S. 225, 111 S.Ct. 1217(1991); Oklahoma Employment Security 
Commission v. Oklahoma Merit Protection Commission, 1995 OK CIV APP 76, 900 P.2d 470. When an appeal presents 
a question of law concerning the interpretation and application of statutes, we 
review the matter de novo. In re A.N.O., 2004 OK 33, ¶ 3, 91 P.3d 646, 647.
FACTS
¶3 Decedent's June 26, 1969 will, which is self-proving under Texas law, 
devises and bequeaths "all [her] property of every kind and character of which 
[she] may die seized and possessed" to "her beloved son, RAYMOND G. BOYD" or, if 
he predeceases her or they die simultaneously or within sixty days thereafter 
"as a result of a common accident, disaster or catastrophe" to her "beloved 
daughter-in-law, Eva L. Boyd." Decedent names Raymond G. Boyd as Independent 
Executor of the estate.
¶4 Decedent had four sons, all of whom survived her when she died in Texas on 
September 1, 1969.[1] Her will was admitted to probate on September 22, 
1969, and Raymond G. Boyd, Appellant's father, was issued Letters Testamentary 
as Independent Executor by the County Court in and for Randall County, Texas. In 
that same September 22, 1969 Order, the Texas Court found "[t]hat according to 
the terms of said will, the sole devisee thereunder is the said Raymond G. 
Boyd." The Inventory, Appraisement and List of Claims filed in the 1969 Texas 
proceedings lists only separate personal property.
¶5 Three of her sons later died in, respectively, 1985 (Irvin Boyd), 1988 
(Wilson Boyd), and 1994 (Raymond G. Boyd). Irvin Boyd's son, Robert Boyd, died 
in 2009 and is survived by Decedent's great granddaughter, Sara Boyd Heidi 
Jennsen. Wilson Boyd's daughter Barbara Ann Parker Shrader died in 2010, and she 
is survived by Decedent's great grandson, Paul Parker. Raymond G. Boyd is 
survived by his son, Appellant. At the time Appellant began proceedings in 
Oklahoma, Decedent's sole surviving son was Osker Cleatis Boyd, who resided in 
Missouri.
¶6 Certified copies of several documents[2] from proceedings in Randall County, 
Texas, including Decedent's Last Will and Testament (Will), are attached to 
Appellant's Petition for Probate of Foreign Will, Appointment of Personal 
Representative, Determination of Heirs, Devisees, and Legatees which was filed 
on January 6, 2011, in the District Court of Ellis County, Oklahoma (Petition). 
Appellant's Petition alleges Decedent possessed oil, gas, minerals, and mineral 
rights in that county at the time of her death. Decedent's will was admitted to 
probate and Appellant was appointed as personal representative of the estate by 
a March 7, 2011 Order. Letters Testamentary were issued to Appellant on March 
30, 2011.
¶7 On November 15, 2011, Appellant filed a First and Final Accounting, 
Petition for Order Allowing Final Account, and Petition for Determination of 
Heirs, Distribution and Discharge (Accounting). Appellant lists the following as 
Decedent's property:
1. An UNDIVIDED .00128907 interest in and to all of the oil, gas, minerals, 
and mineral rights in and under and that maybe [sic] produced from Section 
Twenty-two (22), Township Nineteen (19) North, Range Twenty-five (25), W. I. M. 
Ellis County, State of Oklahoma;
2. An UNDIVIDED .00087891 interest in and to 
all of the oil, gas, minerals, and mineral rights in and under and that maybe 
[sic] produced from Section Twenty-three (23), Township Nineteen (19) North, 
Range Twenty-five (25), W. I. M. Ellis County, State of Oklahoma.[3]
He asks that this property "be distributed in accordance with the dispositive 
provisions contained in the Decedent's Last Will and Testament" and that, by 
doing so, distribute one hundred percent of the above property to the Estate of 
Raymond Glen Boyd, Deceased.
 
¶8 On January 5, 2012, Osker Cleatis Boyd and the heirs and successors of 
Wilson Boyd, deceased,[4] (Appellees) filed an objection to the Accounting. 
They point out that Decedent's Will fails to note how at the time of her death, 
she was survived not only by Raymond G. Boyd but also by three other children, 
who are pretermitted heirs not referred to "either by name or class." Appellees 
claim[5] 
entitlement to an intestate share of the Property as pretermitted heirs.
¶9 Appellant's response to the objection argues the Texas court's 1969 order 
finding Raymond G. Boyd was Decedent's sole devisee according to her Will should 
be accorded full faith and credit. He notes the Texas court's order found 
Decedent was survived by her four sons and enforced the provisions of her 
Will.
¶10 The Oklahoma trial court rejected Appellant's analysis, finding 84 O.S.2011 § 20 applicable, none of 
Decedent's children were intentionally omitted from her Will, and each of her 
four children was entitled to "an undivided one fourth (1/4th) interest in the 
Oklahoma mineral property." This appeal followed.
THE APPEAL
¶11 The Oklahoma Supreme Court directed this matter to proceed as an appeal 
from an interlocutory order appealable by right, citing 58 O.S.2011 § 721(7) and (10) and 
Okla.Sup.Ct.R. 1.60(h). The statutes primarily at issue in this appeal, 58 O.S.2011 § 51, 84 O.S.2011 § 20, and 84 O.S.2011 § 132, though 
re-codified, are not recently enacted but instead have been the law in Oklahoma 
since 1910.
¶12 Appellant contends the Order on appeal fails to accord full faith and 
credit to the Will and decision of the probate court in Texas, citing the 
ancillary probate provisions of § 51, which provides:

 
 Every will duly proved and allowed in any of the territories, or in any 
 of the United States or the District of Columbia, or in any foreign country 
 or state, may be allowed and recorded in the district court of any 
 county in which the testator shall have left any estate, or any estate for 
 which claim is made. (Emphasis added.)
Appellant argues § 131 and § 132, both of which address rights of omitted 
pretermitted heirs, are not applicable. He argues § 20 and § 51 conflict and the 
trial court's application of § 20 nullifies both § 51 and the Full Faith and 
Credit Clause of the United States Constitution. We disagree.
¶13 There are differing purposes for the Legislature's enactments of § 51 and 
§ 20. On its face, § 51 provides that foreign wills may be recorded within the 
state and addresses the jurisdiction of the courts of Oklahoma to consider the 
same. See, e.g., Mitchell v. Cloyes, 1980 OK 1984, 620 P.2d 398 (District court held to 
have jurisdiction to admit to probate Kansas will of Kansas resident owning 
mineral interests in Ellis County, Oklahoma). There was no dispute that 
Decedent's Will was "duly proved and allowed" according to the laws of Texas. 
The paramount issue presented for resolution by the trial court was not the 
admission of Decedent's Will to probate pursuant to § 51 but its proper 
interpretation once admitted and recorded.
¶14 A judgment of a court of general jurisdiction of one state is entitled to 
full faith and credit in every other state unless void for want of jurisdiction. 
Moody v. Branson, 1943 OK 
142, ¶0, 136 P.2d 925. As 
stated in Sharp v. Sharp, 1916 
OK 736, ¶ 6, 166 P. 175, 
177:

 
 The jurisdiction of any court exercising authority over any subject may 
 be inquired into in every other county when the proceedings of the former 
 are relied on and brought before the latter by a party claiming the benefit 
 of such proceedings. This right of examination into jurisdiction is not 
 confined alone to domestic judgments, but extends as well to the judgments 
 of the courts of sister states. This doctrine was recognized in the Supreme 
 Court of the United States in Elliott v. Peirsol, 26 U.S. (1 Pet.) 
 328, 7 L.Ed. 164, and has been followed in many cases, among them 
 Thompson v. Whitman, 18 Wall. 457. 21 L.Ed. 897, Haddock v. 
 Haddock, 201 U.S. 562, 26 S. Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1, 
 Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 580. 28 L.Ed. 101, Carpenter 
 v. Strange, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640, and Fall v. 
 Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, 25 L. R. A. (N. S.) 924, 17 
 Ann. Cas. 853. It was announced by this court in Southern Pine Lumber Co. 
 v. Ward, [1905 OK 114], 
 16 Okla. 131, 85 P. 459; Earl v. Earl, 
 48 Okla. 442, 149 P. 1179, and In re 
 Moore's Guardianship, [1915 
 OK 794], 51 Okla. 731, 152 P. 
378.
¶15 As the United States Supreme Court notes in Cole v. Cunningham, 
133 U.S. 107, 112, 10 S.Ct. 269, 270, 33 L.Ed. 538 (1890), there are limits to 
the Full Faith and Credit Clause of the Constitution of the United States:

 
 The constitution did not mean to confer any new power on the states, but 
 simply to regulate the effect of their acknowledged jurisdiction over 
 persons and things within their territory. It did not make the judgments of 
 the states domestic judgments to all intents and purposes, but only gave a 
 general validity, faith and credit to them as evidence. No execution can be 
 issued upon such judgments without a new suit in the tribunals of other 
 states, and they enjoy, not the right of priority or privilege or lien which 
 they have in the state where they are pronounced, but that only which the 
 lex fori gives to them by its own laws, in their character of foreign 
 judgments.
¶16 "It is settled law that oil and gas in place are minerals, and that so 
long as they remain unsevered from the soil are a part of the realty." Cuff 
v. Koslosky, 1933 OK 487, ¶ 
10, 25 P.2d 290, 291. "That such 
interest may properly be reserved to a grantor is a well-recognized principle in 
this state and that such interest is an interest in land." Hudson v. Smith, 
1935 OK 204, ¶ 13, 41 P.2d 861, 863. (Citations 
omitted.) The decree of another state attempting to settle equitable rights to 
lands in Oklahoma, in so far as such decree relates to the lands in Oklahoma is 
coram non judice and void because "[j]urisdiction to render a judgment 
in rem inheres only in the courts of the state which is the situs of the 
res." Sharp v. Sharp, 1916 OK 736, ¶ 6, 166 P. 175, 177 (citing Watkins 
v. Holman's Lessee, 16 Pet. 25, 10 L.Ed. 873; Harrison v. Harrison, 
L. R. 8 Ch. 342; Davis v. Headley, 22 N.J. Eq. 115; Clopton v. 
Booker, 27 Ark. 482; Williams v. Nichol, 47 Ark. 254, 1 S.W. 243; 
Winn v. Strickland, 34 Fla. 610, 16 So. 606; Poindexter v. 
Burwell, 82 Va. 507; Cooper v. Ives, 62 Kan. 395, 63 P. 434; Smith 
v. Smith, 174 Ill. 52, 50 N.E. 1083, 43 L. R. A. 403). See also, 
Wilcox v. Wilcox, 1947 OK 
99,¶ 6, 178 P.2d 874, 875 
(recognizing, in dicta, Sharp as standing for "the rule that the 
courts of one state are without jurisdiction to render decrees directly 
affecting the title to lands in another state.")
¶17 The common law rule that the law of the place where real property is 
located controls the validity and effect of a will is codified in § 20, which 
provides, in pertinent part that "[e]xcept as otherwise provided, the validity 
and interpretation of wills is governed, when relating to real property within 
this state, by the law of this state."[6] The Oklahoma Supreme Court, addressing the 
application of § 20 to a foreign will, explicitly states in Dean v. 
Moore, 1962 OK 177, ¶ 4, 380 P.2d 934, 935:

 
 We held in In re Adams' Estate, [1950 OK 201], 203 Okl. 377, 222 P.2d 366; and in Bacus v. 
 Burns, [1915 OK 401], 48 Okl. 285, 149 P. 1115; that, as to the 
 interpretation of a devise by will of real estate lying within Oklahoma, the 
 law of Oklahoma must govern.
We apply this holding to the controversy at hand and reject Appellant's 
contention the Texas probate court's decree must be accorded extra-territorial 
effect under the Full Faith and Credit Clause of the United States Constitution 
as to the parties' rights in Oklahoma realty.
¶18 Oklahoma law applies to the determination of the rights of pretermitted 
heirs to Oklahoma property. In the Matter of Estates of McLean, 2010 OK CIV APP 24, ¶ 18, 231 P.3d 727, 732. Section 132 
provides:

 
 When any testator omits to provide in his will for any of his children, 
 or for the issue of any deceased child unless it appears that such omission 
 was intentional, such child, or the issue of such child, must have the same 
 share in the estate of the testator, as if he had died intestate, and 
 succeeds thereto as provided in the preceding 
section.
The only remaining question for our determination is whether Decedent's 
omission of Appellees appears to have been intentional.
¶19 We must first determine from the four corners of the will itself whether 
or not an intention to disinherit affirmatively appears, and if there are no 
ambiguities or uncertainties appearing on the face of the will, extrinsic 
evidence is not admissible to determine intent. Estate of Glomset, 1976 OK 30, ¶ 6, 547 P.2d 951, 953. As the Oklahoma 
Supreme Court explains in Matter of Estate of Hester, 1983 OK 93, ¶ 10, 671 P.2d 53, 
55:

 
 A person can express the intention to omit to provide for his children in 
 many ways. He may expressly state that the named child is to receive 
 nothing. He may provide that a child who claims to be pretermitted shall 
 receive only a nominal amount. See e.g., Bridgeford v. Estate of C.E. 
 Chamberlin, supra [1977 OK 206, 573 P.2d 694]. He may name the 
 child, but leave nothing to him: See e.g., Pease v. Whitlatch, [1964 
 OK 397], P.2d 894 (Okl. 1964). He may declare that any child claiming to be 
 a pretermitted heir shall take nothing. See e.g., Dilks v. Carson, 
 [1946 OK 108], 197 Okl. 128, 168 P.2d 1020 
 (1946).
In Hester, the testator affirmatively declared "I have no children and 
have never had any children," 1983 OK 
93, ¶ 2, 1983 P.2d at 54.
¶20 "Testatorial disposition of the entire estate does not alone 
affirmatively evince an intent to omit to provide for a child or a deceased 
child's issue." Crump's Estate v. Freeman, 1980 OK 80, ¶ 6, 614 P.2d 1096, 1099 (citing 
Spaniard v. Tantom, 1928 OK 
202, 267 P. 623). Other than 
Decedent herself, Raymond G. Boyd, her daughter-in-law, the two witnesses, and a 
notary, the face of the Will mentions no persons by name or by other 
description. Decedent makes no mention whatsoever of three of her four children 
and no affirmative expression of an intent to disinherit anyone, either by name 
or by class. That being so, we conclude there are no uncertainties on the face 
of the Will.
¶21 As recognized in In the Matter of Estates of McLean, 2010 OK CIV APP 24, ¶ 15, 231 P.3d 727, 731, § 132 controls 
the devise of Oklahoma realty by a non-resident testator. The application of 
Oklahoma law by the trial court to the interpretation of the Will and its order 
based on that interpretation is AFFIRMED.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] Her 
husband, Luther R. Boyd, predeceased her in 1954.

[2] These 
documents, dated between September 8, 1969, and September 24, 1969, include an 
Application to Probate Will, a notice to the Randall County, Texas sheriff to 
post notice, the Texas sheriff's return, an Order Probating Will and for Letters 
Testamentary, an Oath of Executor , an Inventory, Appraisement and List of 
Claims, and an Order Approving Inventory, Appraisement and List of Claims. Also 
attached are two documents from the Comptroller of Public Accounts, State of 
Texas, relating to inheritance tax.

[3] These 
properties were not listed as assets in the Texas probate proceedings, which 
affirmatively indicated "None" in an inventory section for real 
property.

[4] In 
addition to Appellant, Appellees name as defendants Raymond Boyd's "known and 
unknown successors," and "Eva L. Boyd, if living and if deceased, her known and 
unknown successors."

[5] 
Appellees also cite 84 O.S.2011 § 
131, which addresses the succession rights of omitted children born after 
the making of a will, either in a decedent's lifetime or after death. Decedent's 
Will was executed in June of 1969, some three months prior to her death and the 
order probating the Will in Texas describes all of Decedent's surviving sons as 
"over 21 years of age." This factual finding is unchallenged in the appellate 
record.

[6] Section 
20 also provides "when relating to personal property, by the law of the 
testator's domicile" governs validity and interpretation. Appellant's petition 
seeking probate in ancillary proceedings in Oklahoma also alleges Decedent 
possessed "personal property with a probable value of not in excess of $2,000.00 
in September, 1969." This Oklahoma personal property, which appears to consist 
of royalty payments, is not at issue in this appeal.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 1995 OK CIV APP 76, 900 P.2d 470, 66 OBJ 2594, Oklahoma Employment Security Com'n v. Oklahoma Merit Protection Com'n
Discussed 2010 OK CIV APP 24, 231 P.3d 727, IN THE MATTER OF THE ESTATES OF McCLEAN
Discussed at Length
Oklahoma Supreme Court Cases Cite
Name
Level 1947 OK 99, 178 P.2d 874, 198 Okla. 370, WILCOX v. WILCOX
Discussed 1915 OK 401, 149 P. 1115, 48 Okla. 285, BACUS v. BURNS et al.
Discussed at Length 1915 OK 443, 149 P. 1179, 48 Okla. 442, EARL v. EARL et al.
Discussed 1915 OK 794, 152 P. 378, 51 Okla. 731, MOORE'S GUARDIANSHIP v. WHITEMAN
Discussed at Length 1946 OK 108, 168 P.2d 1020, 197 Okla. 128, DILKS v. CARSON
Discussed at Length 1935 OK 204, 41 P.2d 861, 171 Okla. 79, HUDSON v. SMITH
Discussed 1916 OK 736, 166 P. 175, 65 Okla. 76, SHARP v. SHARP.
Discussed at Length 1933 OK 487, 25 P.2d 290, 165 Okla. 135, CUFF v. KOSLOSKY.
Discussed 1962 OK 177, 380 P.2d 934, DEAN v. MOORE
Discussed 2002 OK 90, 63 P.3d 9, IN THE MATTER OF THE ESTATE OF HOLCOMB
Discussed 2004 OK 33, 91 P.3d 646, IN RE: A.N.O., A MINOR CHILD
Discussed 1976 OK 30, 547 P.2d 951, ESTATE OF GLOMSET
Discussed 1977 OK 206, 573 P.2d 694, BRIDGEFORD v. ESTATE OF CHAMBERLIN
Discussed 1980 OK 80, 614 P.2d 1096, Crump's Estate v. Freeman
Discussed 1928 OK 202, 267 P. 623, 131 Okla. 75, SPANIARD v. TANTOM
Discussed 1980 OK 184, 620 P.2d 398, Mitchell v. Cloyes
Cited 1950 OK 201, 222 P.2d 366, 203 Okla. 377, In re ADAMS' ESTATE
Discussed at Length 1905 OK 114, 85 P. 459, 16 Okla. 131, SOUTHERN PINE LUMBER CO. v. WARD
Discussed at Length 1943 OK 142, 136 P.2d 925, 192 Okla. 327, MOODY v. BRANSON
Discussed 1983 OK 93, 671 P.2d 54, Estate of Hester, Matter of
Discussed
Title 58. Probate Procedure Cite
Name
Level 58 O.S. 51, Allowance and Recording of Foreign Wills
Cited 58 O.S. 721, Appealable Judgments and Orders of District Court
Cited
Title 84. Wills and Succession Cite
Name
Level 84 O.S. 20, Governing Law as to Interpretation of the Will - Real Property and Personal Property
Discussed 84 O.S. 131, Determining Share for Afterborn Children Unprovided for in Will
Cited 84 O.S. 132, Determining Share for Child Unintentionally Omitted from Will
Cited